**CITY OF BOWLING GREEN, Appellee,**

v.

**NEWLOVE, Appellant.**

[Cite as *Bowling Green v. Newlove* (1989), 65 Ohio App.3d 293.]

Court of Appeals of Ohio,
Wood County.

No. WD–88–88.

Decided Nov. 17, 1989.

294

*Mark Reddin,* for appellee.
*John Newlove, pro se.*

ABOOD, Judge.

This is an appeal from the judgment of the Bowling Green Municipal Court in which defendant-appellant, John Newlove, was found guilty of a separate violation of Bowling Green Ordinance Section 150.140(A) for each day from January 1, 1988 through June 14, 1988. Appellant has set forth five assignments of error:

"(A) [1] The Court below erred by permitting Appellee to proceed at trial on 166 counts of violating the Bowling Green Zoning Ordiance [sic], in spite of only one complaint being filed alleging one count of violation.

"(B) [2] The Court below erred by overruling Appellant's Motion for Directed Verdict and Acquittal at the close of Appellee's presentation of evidence.

"(C) [3] The Court below erred when it determined against the manifest weight of the evidence that Appellant was guilty of violating the Bowling Green Ordinance Section 150.01 [sic].

"(D) [4] The Court below erred by overruling Appellants' [sic] Motion for New Trial pursuant to Criminal Rule 33 and request to set aside its Decision and Judgment of September 20, 1988.

"(E) [5] The Court below erred when it determined against the manifest weight of the evidence that Appellant should be fined in the amount of

▮▮▮▮▮▮▮

$16,600.00 and placing the Defendant on probation for the maximum of five (5) years."

The facts giving rise to this appeal are as follows. On or about July 6, 1988, zoning enforcement officer Bob Shetzer received a complaint from a Bowling Green citizen that a house owned by appellant located at 140 Manville Road in Bowling Green was occupied by more than three unrelated persons. The area in question was zoned R–2 Single Family Residential. Shetzer investigated the complaint and on July 28, 1988, filed a complaint on behalf of the city of Bowling Green against appellant alleging that he permitted, on June 14, 1988, more than three unrelated individuals to occupy the single family dwelling for living purposes at 140 Manville in violation of Bowling Green Ordinance Section 150.03. On August 8, 1988, appellant pled not guilty and the case proceeded to a trial to the court on September 9, 1988. At the trial, subsequent to opening statements, appellant moved the court to dismiss the complaint which motion was overruled. Appellee then moved the court to amend its complaint to include continuing violations of Bowling Green Ordinance Section 150.03 during the period from January 1, 1988 to July 14, 1988. The trial court granted appellee's motion, and the trial continued. At the close of appellee's case, appellant's motion for directed verdict was denied and appellant introduced his own evidence. In its decision filed September 20, 1988, the trial court found appellant guilty of successive, separate violations of Bowling Green Ordinance Section 150.140(A) for each day between January 1, 1988 through June 14, 1988. On October 4, 1988, appellant filed a motion for new trial and on October 14, 1988, appellant filed a motion to disqualify Judge Bachman and an affidavit of prejudice. On November 4, 1988, Judge Gale Williamson denied appellant's motion to disqualify Judge Bachman and the trial court denied appellant's motion for new trial. On November 18, 1988, the trial court filed its judgment entry sentencing appellant to the maximum fine for each violation plus costs and five years' probation with certain conditions. The trial court then stayed $15,162 of the fine and costs on the condition that appellant not violate his probation. Thereafter, appellant filed this appeal.

▮ In his first assignment of error, appellant asserts that the trial court erred in granting appellee's motion to amend its complaint to include one hundred sixty-six separate offenses, overruling appellant's implicit objections to the amendment. Appellant argues that there was no sworn affidavit as to the violations, he was never arraigned on the additional charges and, therefore, was not afforded the opportunity to plead or prepare.

The record before us indicates that when appellee made its motion at trial to amend its complaint, appellant made no objections whatsoever. Issues which

are not raised in the lower court will not be considered by the appellate court for the first time on appeal. *State v. Geraldo* (1983), 13 Ohio App.3d 27, 13 OBR 29, 468 N.E.2d 328. Accordingly, appellant's first assignment of error is found not well taken.

In his second assignment of error, appellant asserts that the trial court erred in overruling his motion for directed verdict and acquittal made at the close of appellee's case. Appellee argues, *inter alia*, that appellant, by presenting his own evidence after his motion for acquittal was denied, waived any claim of error which may have resulted from this denial.

" * * * [I]t is well-established that where a defendant, after moving for a directed verdict at the conclusion of the state's case, offers evidence on his own behalf, any error which might have occurred in overruling the motion is waived." (Citations omitted.) *State v. Whitmeyer* (1984), 20 Ohio App.3d 279, 282, 20 OBR 370, 373, 485 N.E.2d 1055, 1058. See, also, *State v. Kline* (1983), 11 Ohio App.3d 208, 214, 11 OBR 330, 338, 464 N.E.2d 159, 166, fn. 8.

Our examination of the record indicates that at the close of the state's case, and after the trial court denied appellant's motion for acquittal, appellant did proceed to present evidence. Appellant did not later renew his motion for acquittal. Accordingly, any error claimed has been waived, and appellant's second assignment of error is found not well taken.

In his third assignment of error, appellant asserts that the trial court's finding that he was guilty of violating Bowling Green Ordinance Section 150.140(A) is against the manifest weight of the evidence.

A reviewing court will not reverse the decision of the trial court if there is substantial evidence to form a basis upon which reasonable minds could conclude that every element of the offense has been proven beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132. In determining if the judgment of the trial court is against the manifest weight of the evidence, it is not the role of the reviewing court to weigh the evidence presented or to judge the credibility of witnesses. *State v. Clay* (1973), 34 Ohio St.2d 250, 251, 63 O.O.2d 391, 392, 298 N.E.2d 137, 138.

Bowling Green Ordinance Section 150.03 provides in relevant part:

" * * * 'SINGLE–FAMILY DWELLING.' A building designed for occupancy by one family for living purposes and including not more than 2 lodgers or boarders."

Bowling Green Ordinance Section 150.140 provides in relevant part:

"(A) It shall be unlawful to locate, erect, construct, reconstruct, enlarge, change, maintain, or *use any building or land in violation of any regula-*

*tion in or any provisions of this chapter or any amendment or supplement thereto adopted by the council."*  (Emphasis added.)

The trial court found that appellant had knowledge or should have had knowledge that more than three unrelated people occupied the premises at 140 Manville in Bowling Green between January 1, 1988 and June 14, 1988.

From our review of the record, we find that there was substantial evidence presented at trial to support the trial court's findings.  Accordingly, appellant's third assignment of error is found not well taken.

In his fourth assignment of error, appellant asserts that the trial court erred in overruling his motion for new trial.  Appellant argues that due to the trial court's granting of appellee's motion to amend its complaint and the testimony relating thereto, he was denied due process and prevented from having a fair trial.

Crim.R. 33 provides in relevant part:

"(A) Grounds.  A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

"(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

"(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

"(3) Accident or surprise which ordinary prudence could not have guarded against;

"(4) That the verdict is not sustained by sufficient evidence or is contrary to law.  * * * "

The granting or denying of a motion for new trial is within the discretion of the trial court, and an appellate court will not disturb the trial court's ruling absent a clear showing of abuse of that discretion.  *State v. Williams* (1975), 43 Ohio St.2d 88, 72 O.O.2d 49, 330 N.E.2d 891; *State v. Shepard* (1983), 13 Ohio App.3d 117, 13 OBR 135, 468 N.E.2d 380.

In support of his motion, appellant argued he was entitled to a new trial because the trial court erred in amending the complaint, because of accident and surprise, and lack of sufficient evidence.  In denying appellant's motion for new trial, the trial court found that it did not err in granting appellee's motion to amend the complaint but went on to find that appellant had waived his right to raise that issue at the post-trial stage due to his failure during trial to object to the motion, to move for its reconsideration, or to move for a continuance.  The trial court also found that appellant was not

surprised or prejudiced by the motion or the ruling on it. Finally, the trial court found that it did not err by making a finding of guilty based on insufficient evidence or by making a decision contrary to the law by convicting defendant of multiple counts on the amended complaint.

Based upon our review of the entire record, this court finds that appellant has failed to demonstrate that the trial court abused its discretion in denying appellant's motion for a new trial. Accordingly, appellant's fourth assignment of error is found not well taken.

In his fifth and final assignment of error, appellant argues that the trial court erred in assessing the maximum penalty and probation in this case and that the trial court's sentence was against the manifest weight of the evidence.

The matter of sentencing rests within the sound discretion of the trial court, and an appellate court will not reverse the trial court's exercise of this discretion if the sentence imposed is within the limits authorized by the applicable ordinance and statutes. *State v. Longo* (1982), 4 Ohio App.3d 136, 4 OBR 228, 446 N.E.2d 1145; *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179.

Further, whether a defendant shall be placed on probation is also a matter within the discretion of the trial court. *Longo, supra.*

Bowling Green Ordinance Section 150.999 provides in relevant part:

"(A) Any person, firm, or corporation violating any regulation in or any provision of this chapter or any amendment or supplement thereto, shall be deemed guilty of a minor misdemeanor. Each and every day during which such illegal location, erection, construction, reconstruction, enlargement, change, maintenance, or use continues, may be deemed a separate offense."

R.C. 2929.21(D) provides:

"Whoever is convicted of or pleads guilty to a minor misdemeanor shall be fined not more than one hundred dollars."

Pursuant to R.C. 2951.07, the trial court has the discretion to place appellant on probation for a period not to exceed five years.

Upon a review of the entire record herein, we find that appellant's sentence was within the limits authorized by Bowling Green Ordinance Section 150.-999(A) and R.C. 2929.21(D) and 2951.07, and that the trial court did not abuse its discretion in imposing the sentence. Accordingly, appellant's fifth and final assignment of error is found not well taken.

On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the

**300**

Bowling Green Municipal Court is affirmed. It is ordered that appellant pay court the costs of this appeal.

*Judgment affirmed.*

CONNORS and GLASSER, JJ., concur.