OPINION
Jason M. Casto is appealing from his sentence of twelve months incarceration on the charge of unauthorized use of motor vehicle (R.C.2913.03(B)), a felony of the fifth degree.
Casto was charged with this offense in 1999, and he ultimately entered a plea of guilty. He was then sentenced to three years of community control, subject to a number of conditions. Casto was subsequently charged with four violations of his community control. Following a hearing, the trial court found that Casto did violate his community control conditions on the first three charges, but dismissed the fourth which involved a charge of substance abuse.
On appeal, Casto, represented by counsel, argues in his sole assignment of error that the court erred in sentencing him to a maximum of twelve months incarceration because the court did not consider all the required factors for sentencing in R.C. 2929.14(C), together with R.C. 2929.13(B) and R.C. 2929.12.
The sentencing journal entry, however, clearly states that the court considered "all of sentencing factors in Chapter 2929 of the Ohio Revised Code and all other matters in the case pertinent to sentencing. . . ." (Doc. 28).
The court went on then to state that:
 The Court has considered and weighed the statutory sentencing factors and makes the following findings:
 The factors that determined more serious conduct of the Defendant are:
 1. The Defendant committed new crimes while under a community sanction.
 2. The Defendant has a history of criminal convictions.
 3. The Defendant has not responded favorably to sanctions previously imposed.
4. The Defendant shows no genuine remorse.
The factors that determine that recidivism is more likely are:
 1. The Defendant committed new crimes while under a community sanction.
 2. The Defendant has a history of criminal convictions.
 3. The Defendant has not responded favorably to sanctions previously imposed.
4. The Defendant shows no genuine remorse.
The Defendant has not been to prison before.
The shortest term for his fifth degree felony would demean the seriousness of the offense and does not adequately protect the public.
The longest term is imposed because Defendant poses the greatest likelihood of committing future crimes.
At the time of sentencing on the underlying charge the Defendant was advised of his appeal rights.
The Court specifically finds the following:
 1. That the Defendant was untruthful with the Court at the time of sentencing.
 2. The Defendant committed a new theft crime on September 12, 2000.
 3. The Defendant committed a new theft crime on October 3, 2000.
 4. The Defendant has failed to report to his Probation Officer since August 10, 2000.
 5. The Defendant changed residence without permission while under supervision.
 6. The Defendant refused to participate in the alternative to prison known as West Central Community Correctional Facility.
The Fourth allegation of Community Control Violation is dismissed.
The clerk shall prepare a Warrant of Conveyance accordingly. Defendant had previous jail time credit of twenty-eight (28) days and an additional jail time credit of thirty-four (34) days. Defendant shall receive a total of sixty-two (62) days jail time credit through November 14, 2000. Defendant shall be transported on November 14, 2000., Defendant shall pay the costs of the community control violation proceeding.
It has been held that "[a] talismanic incantation that the court followed [statutory sentencing] those standards may not suffice, when the result seems strikingly inconsistent with them." State v. Flors (1987),38 Ohio App.3d 133, 140. Here, however, the trial court carefully set forth the factors it considered and its reasons for imposing the maximum twelve months incarceration. We do not find the sentence at all inconsistent with the factors set forth in Chapter 2929 of the Ohio Revised Code. See, e.g., State v. Lytle (July 31, 1998), Clark App. No. 97 CA 100, unreported. The trial court has broad discretion in sentencing a defendant, and the reviewing court will not interfere with the sentence unless the trial court abuses its discretion. State v. Yontz (1986),33 Ohio App.3d 342, 343. Even where the record is silent there exists a presumption that the trial court has considered the factors. State v. Adams (1988), 37 Ohio St.3d 295, 297. In the case before us, the record is not silent, as the court stated that it did consider all the factors set forth in Chapter 2929 of the Ohio Revised Code, and where the court has shown that it considered all necessary factors, an appellate court will not reverse the trial court's exercise of its discretion if the sentence imposed is within the limits authorized by the applicable statute. Bowling Green v. Newlove (1989), 65 Ohio App.3d 293, 299, 5 citing State v. Longo (1982), 4 Ohio App.3d 136, 141, and Toledo v. Reasonover (1965), 5 Ohio St.2d 22, 34, 34 O.O.2d 13, syllabus 1.
The sole assignment of error is overruled.[1]
Thus we find that the trial court did not abuse its discretion, and the judgment is affirmed.
BROGAN, J. and FAIN, J., concur.
[1] The State, in its brief, addresses an issue not raised by the appellant, to-wit: whether Casto received notice at his sentencing hearing of the length of incarceration to which he could be subject if the community control sanctions were revoked. We need not address an issue not raised by an appellant.