DECISION AND JUDGMENT ENTRY
This is an appeal from judgments of conviction and sentence entered by the Washington County Common Pleas Court, upon guilty pleas, finding John J. Haugh, defendant below and appellant herein, guilty of failing to comply with the order of a police officer in violation of R.C. 2921.33.1(B), and theft in violation of R.C. 2913.02(A). The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A MAXIMUM PRISON TERM ON EACH COUNT IN THIS CASE."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN REQUIRING APPELLANT TO SERVE THE TWO MAXIMUM PRISON TERMS CONSECUTIVELY."
The record reveals the following facts pertinent to this appeal. On October 5, 1997, Lindsey Stewart borrowed a Pontiac Grand Am from her mother, Debra Schell, and drove to Caldwell, Ohio, where she spent the night with a friend. She awoke around 7 a.m. the next morning and was preparing to leave when she looked outside and observed someone driving off with the vehicle. Ms. Stewart notified the local sheriff's office as well as the State Highway Patrol and, a short time later, Trooper Al Palmer spotted the Grand Am on State Route 821. Trooper Palmer turned on his lights and signaled for the car to pull over. The vehicle accelerated instead and led the patrolman on a high speed chase along Route 821 to State Route 60.
At one point, Trooper Palmer pulled up along side the vehicle but it then swerved and forced him off the road. The car was later stopped by a roadblock and was abandoned. One of the passengers, John Rollins, was found a short time thereafter and identified appellant as the one driving the Grand Am. Appellant escaped the scene and eventually made his way to New Mexico. He was later brought back to face charges in Ohio.
On December 10, 1997, the Washington County Grand Jury returned an indictment charging appellant with failing to comply with an order of a police officer in violation of R.C. 2921.33.1(B), felonious assault in violation of R.C. 2903.11(A)(2) and two (2) counts of theft in violation of R.C. 2913.02.[1] He initially pled not guilty to these offenses but later, at a hearing held April 5, 1999, entered guilty pleas to charges of failing to comply with an order of a police officer and theft of the Grand Am in exchange for dismissal of the remaining two (2) counts against him. The pleas were accepted and the matter was passed for presentence investigation.
On May 13, 1999, the trial court conducted a sentencing hearing. The court noted appellant's extensive criminal background (both as an adult and as a juvenile) as well as his lack of remorse and attempt to injure Trooper Palmer by forcing him off the road. In light of these factors, the court imposedinter alia eighteen (18) month prison sentences on each count and ordered that they be served consecutively. Judgment to that effect was entered on May 21, 1999, and this appeal followed.
 I
Appellant argues in his first assignment of error that the trial court improperly sentenced him to the maximum possible terms of imprisonment for these offenses. We disagree with appellant.
Our analysis begins from the standpoint that appellant was convicted of failing to comply with the order of a police officer which is a fourth degree felony, see R.C. 2921.33.1(B)(C)(1)-(3), and theft of the Grand Am which is also a fourth degree felony.See R.C. 2913.02(A)(1)(B). The available prison sentences for such offenses range from six (6) to eighteen (18) months. See
R.C. 2929.14(A)(4). A maximum prison sentence of eighteen (18) months can only be imposed upon offenders who inter alia pose the greatest likelihood of committing future crimes. Id. at (C). If the maximum sentence is imposed, then the trial court must make a finding giving its reasons for selecting that degree of punishment. See R.C. 2929.19(B)(2)(d). We conclude that the trial court adequately complied with these provisions.
The May 21, 1999 sentencing entry clearly states that the trial court found appellant to pose "the greatest likelihood of recidivism" and that this was based, in part, on his extensive history of "criminal convictions as a juvenile and [as] an adult." Appellant' s criminal background was described as follows at the sentencing hearing:
 "The Court would note for the record that Mr. Haugh has an extensive prior criminal record. His juvenile record began at age — at age twelve with a domestic violence; age twelve, a criminal damaging, age thirteen — which was amended down from aggravated; age thirteen was a grand theft; age thirteen was escape; age fourteen, resisting arrest; age fifteen, criminal trespass, which had been amended down from breaking and entering; age fifteen, carrying concealed weapons; age sixteen, receiving stolen property; age sixteen, violation of a safe school op — ordinance, basically he was expelled from school for eighty days for having a knife in his possession and fighting.
 He has an adult record that includes aggravated assault in 1995, a man was stabbed; in 1996, a conviction for attempted gross sexual imposition; 1997, unlawful taking of a motor vehicle, criminal damaging to property; in `97, resisting arrest, evading or obstructing an officer in New Mexico.
 In addition, we've just been faxed from Toledo other convictions for drug paraphernalia and possession in a municipality, obstructing official business, carrying concealed weapons, resisting arrest, petty theft, drug paraphernalia, possession, drug abuse, controlled substance possession, operating a motor vehicle without a license, resisting arrest. Let me see if there' s anything else I've missed in here. There's another petty theft and there's two aggravated burg — there's one — there is a gross sexual imposition and — it looks like — four counts of aggravated burglary."
Appellant did not challenge this recitation of his criminal background during the proceedings below nor does he challenge it now on appeal. Instead, he claims that "[t]he record in this case does not support" the court's findings. He continues that, at twenty-three (23) years of age, he "cannot be said to pose the greatest risk of recidivism." We are not persuaded.
Prior convictions and impositions of sanctions are to be treated as indicators that the offender will commit future crimes. Griffin Katz, Ohio Felony Sentencing Law (1999 Ed.) 390, § 4.34. Moreover, it is common sense that the earlier in life the offender has come in contact with the criminal justice system, and the more contact that person has therewith, the more likely it is that the offender will be a recidivist. Id.
Appellant' s relative youth is certainly a factor to consider here but, given his extensive contact with the criminal justice system from the time he was a juvenile, it is not necessarily a factor that weighs in his favor. In short, the trial court's conclusion that he posed the greatest likelihood of committing future crimes is amply supported by the record.
We would note as a final matter that trial courts have historically enjoyed broad discretion in sentencing so long as the sentences imposed are within the statutorily prescribed limits. See Toledo v. Reasonover (1965), 5 Ohio St.2d 22,213 N.E.2d 179 at paragraph one of the syllabus. The same is generally true even under the new sentencing guidelines provided, however, that the appropriate statutory procedures are followed and the correct statutory factors are properly weighed. See R.C.2929.12(A); also see generally State v. Thompson (Jul. 23, 1999), Washington App. No. 98CA10, unreported; State v. Patterson (Sep. 21, 1998), Washington App. No. 97CA28, unreported; State v.McConnaughey (Mar. 3, 1998), Athens App. No. 97CA39, unreported;State v. Thomas (May 18, 1998), Washington App. No. 97CA20, unreported; State v. Ditterline (Sep. 5, 1997), Washington App. No. 96CA47, unreported.[2] Moreover, appellate courts are now precluded from modifying or vacating a sentence unless it is "clearly and convincingly" shown that the sentence is not supported by the record, is contrary to law or that the trial court failed to follow the proper statutory procedures for imposing such sentence. See R.C. 2953.08(G)(1).
We conclude in this case that the sentences imposed by the trial court are supported by the record and are not contrary to law. We are also satisfied that the court considered the proper factors and entered appropriate findings to support the sentences that were imposed. Therefore, the sentences will not be reversed absent a showing of an abuse of discretion. An abuse of discretion is more than an error of law or judgment; it implies that the lower court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark (1994), 71 Ohio St.3d 466, 470,644 N.E.2d 331, 335; State v. Moreland (1990), 50 Ohio St.3d 58,61, 552 N.E.2d 894, 898; State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144, 149. It means that the result is so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but, instead, passion or bias. Nakoff v.Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1,3. This is a difficult standard to meet and this Court will not substitute its own judgment for that of the trial court in determining the most effective way to comply with the principles and purposes of the sentencing guidelines. See In re Jane Doe I
(1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181, 1184; Berkv. Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301,1308.
Having reviewed the record before us, and considering the particular facts and circumstances of the crimes as well as appellant's extensive criminal background, we discern neither error nor an abuse of discretion in the decision to impose the maximum allowable prison sentences. The first assignment of error is accordingly overruled.
 II
Appellant's second assignment of error is directed at that portion of the sentencing entry which orders that his prison terms be served consecutively. He argues, inter alia, that the trial court did not follow the requisite statutory procedure to impose consecutive sentences. We agree with appellant.
The provisions of R.C. 2929.14(E)(4) state, in pertinent part, as follows:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender' s conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
This statute sets out a tri-partite procedure for imposing consecutive sentences: first, the court must find that consecutive sentences are "necessary" to protect the public or to punish the offender; second, the court must find that the proposed consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" that the offender poses; and third, the court must find the existence of one of the three enumerated circumstances in sub-parts (a) through (c). Griffin Katz, supra at 464, § 7.9. The findings required by this statute must be affirmatively set forth in the trial court's judgment or the imposition of consecutive sentences will be deemed reversible error. See State v. Brice
(Jun. 9, 1999), Lawrence App. No. 98CA24, unreported; State v.Volgares (May 17, 1999), Lawrence App. No. 98CA6, unreported;State v. Smith (Mar. 17, 1999), Meigs App. No. 98CA02, unreported; also see State v. Eden (Nov. 17, 1999), Lorain App. No. 97CA6991, unreported; State v. Butts (Sep. 30, 1999), Licking App. No. 99CA29, unreported; State v. Buterbaugh (Sep. 16, 1999), Franklin App. No. 98AP-1093, unreported. With these principles in mind, we turn our attention to the sentencing entry below.
The trial court prepared an extensive entry which thoroughly explained its reasons for imposing the two eighteen (18) month prison sentences. However, the only explanation we can find for running those sentences consecutively to one another was the court's observation that "[c]onsecutive maximum sentences are imposed for the reason that the offender's criminal history requires consecutive sentences." This statement might broadly be construed as meeting the first and last of the procedural steps set forth above (i.e. finding that consecutive sentences were necessary to protect the public from future crime), but there is nothing in the statement which could be construed as meeting the second step (i.e. finding that such punishment is not disproportionate to the offender's conduct and to the danger he poses to the public). We therefore agree with appellant that the proper statutory procedures criteria were not followed for imposing consecutive sentences. His second assignment of error is accordingly sustained.
Having sustained the second assignment of error, the judgment of the trial court is affirmed in part and reversed in part. The matter will be remanded for further proceedings on the limited issue of whether consecutive sentences are appropriate in this case.[3]
 JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CAUSE REMANDEDFOR FURTHER PROCEEDINGS.
[1] One of the theft counts involved a Pontiac Fierro allegedly stolen the same day from an unrelated individual.
[2] This is somewhat different from the old "abuse of discretion" standard applied prior to the 1995 passage of Am.Sub.S.B. No. 2 which overhauled Ohio's felony sentencing laws.See 146 Ohio Laws, Part IV, 7136. By providing statutory standards for the exercise of discretion in R.C. 2929.11 through R.C. 2929.20, the Ohio General Assembly has now clearly defined that which is an "abuse of discretion." Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.) 495, § 9.16. The failure of a trial court to exercise its discretion within the detailed standards provided by the purposes, array of principles, factors, and presumptions means that the sentencing court has abused its discretion. Id.
[3] Our ruling herein should not be misconstrued as passing on the merits of consecutive sentencing in this case. We hold only that the proper procedure was not followed for the imposition of that penalty and do not reach the issue of whether such punishment was appropriate here. We would also emphasize that this decision should not be taken as criticism for the manner by which this case was handled below. The trial court, as mentioned previously, issued an extensive and thorough sentencing entry which clearly attempted to comply with the myriad and convoluted procedures set out in R.C. chapter 2929. The problem, as we have often noted in the past, lies in the "seemingly endless complexity" of the new felony sentencing laws and not with the bench or bar. See State v. Gilliam (Jun. 10, 1999), Lawrence App. No. 98CA30, unreported.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed, in part, and reversed, in part, and the cause be remanded for further proceedings. Appellant is to recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
HARSHA, J.: Concurs in Judgment Opinion as to Assignment of Error II; Concurs in Judgment Only as to Assignment of Error I
KLINE, P.J.: Concurs in Judgment Opinion
For the Court
 BY: ___________________________ PETER B. ABELE, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.