JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, oral argument and the briefs of the parties.
Defendant-appellant Clifford Patrick aka Aquil Zayid (appellant) requests this court to reverse the decision of the Cuyahoga County Court of Common Pleas which denied his post-sentence motion to withdraw his plea advanced pursuant to Crim.R 32.1. Alternatively, appellant urges this court to remand the matter for re-sentencing, asserting that the sentence imposed by the court following his plea of guilt to attempted rape fails to be commensurate with the crime as required by R.C. 2929.11(B).
The record demonstrates that on August 2, 1999 appellant was arrested for offenses which allegedly occurred on July 25 when he entered the locked apartment of his former girlfriend and attempted to rape her. On November 9, 1999, the Cuyahoga County Grand Jury returned a five-count indictment charging appellant with aggravated burglary in violation of R.C. 2911.11, kidnapping in violation of R.C. 2905.01, attempted rape in violation of R.C. 2923.02/2907.02, gross sexual imposition in violation of R.C.2907.05, and disrupting public service in violation of R.C. 2909.04. Each count of appellant's indictment carried a specification alleging appellant's sexual motivation as defined in R.C. 2971.01(K) and a specification alleging appellant to be a sexually violent predator as defined in R.C. 2971.01(I). On December 8, appellant, represented by counsel, entered a plea of not guilty to all the charges against him.
On January 4, 2000, pursuant to an agreed plea arrangement appellant withdrew his previously entered pleas of not guilty to count two which charged kidnapping and count three which charged attempted rape as amended and entered his pleas of guilt to those charges. The court, upon recommendation of the state, entered a nolle prosequi to the remaining charges against him. The court then ordered a presentence investigation report to be prepared and scheduled sentencing to be held on January 25, 2000. At appellant's sentencing hearing, statements were received from the victim and her mother. Thereafter, by entry journalized on January 27, 2000, the trial court, finding no separate animus between the kidnapping and the attempted rape charge, imposed a seven-year term of imprisonment on each charge to be served concurrently. Immediately, appellant's counsel moved to withdraw the previously entered pleas of guilt in order to enter pleas of not guilty. The motion was considered but not granted by the court. The court found appellant to be an habitual sex offender in light of his prior conviction and his second offense of violence.
Appellant timely appeals the denial of his motion to withdraw his pleas and the imposition of his sentence and advances two assignments of error for our review.
 I. TRIAL COURT IMPROPERLY SENTENCED DEFENDANT/APPELLANT WHERE TRIAL COURT STATES ON THE RECORD THAT DEFENDANT COMMITTED RAPE WHEN DEFENDANT/APPELLANT WAS ONLY INDICTED ON ATTEMPTED RAPE; TRIAL COURT'S SENTENCE IS THEREBY NOT COMMENSURATE WITH CRIME OF ATTEMPTED RAPE AND FURTHER FAILS TO TAKE INTO CONSIDERATION THE ACTUAL IMPACT UPON THE VICTIM AS PROVIDED FOR IN OHIO REVISED CODE SECTION 2929.11(B).
 II. TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT/APPELLANT'S MOTION TO WITHDRAW PLEA AFTER SENTENCE AS TRIAL COURT'S BELIEF THAT DEFENDANT HAD RAPED VICTIM WHEN IN FACT DEFENDANT/APPELLANT WAS NEVER CHARGED WITH RAPE CONSTITUTED MANIFEST INJUSTICE PERMITTING DEFENDANT/APPELLANT TO WITHDRAW PLEA PER CRIMINAL RULE 32.1.
In his first assignment of error, appellant contends that his sentence was not commensurate with his conduct. Specifically, appellant contends that the trial court mistakenly believed that the victim had been raped and incorrectly imposed a sentence for rape.
As part of an agreed plea arrangement, appellant entered a plea of guilt to attempted rape in violation of R.C. 2923.02, a felony of the second degree, as charged in the indictment. The trial court has discretion to impose a term of incarceration from two years to eight years for a felony of the second degree. In this case the trial court imposed a term of imprisonment of seven years. The sentence imposed is authorized by statute and within the statutory limits as required by Toledo v. Reasonover (1965),5 Ohio St.2d 22, 24.
An appellate court will not review a trial court's exercise of discretion in sentencing where the sentence imposed is authorized by statute and is within statutory limits. State v. Hill (1994),70 Ohio St.3d 25, 29, citing Toledo v. Reasonover, supra; see, also, State v. Mitchell (1997), 117 Ohio App.3d 703. Accordingly, we find no abuse of the trial court's discretion in imposition of a sentence within the statutory limits. Appellant's first assignment of error is without merit.
In his second assignment of error, appellant contends that the trial court's failure to grant his post-sentence motion to withdraw his plea of guilt to the charge of attempted rape creates a manifest injustice.
Withdrawal of a guilty plea is governed by Crim.R. 32.1, which provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
In State v. Smith (1977), 49 Ohio St.2d 261, at paragraphs one and two of the syllabus, the Ohio Supreme Court held:
 1. A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. (Crim.R. 32.1)
 2. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.
The court in State v. Peterseim (1980), 68 Ohio App.2d 211, recognized that post-sentence revocations are governed by Crim.R. 32.1 and may only be granted to avoid a miscarriage of justice. See, also, State v. Smith, supra, paragraph two of the syllabus. The burden of establishing manifest injustice is on the movant.Smith, supra, paragraph one of the syllabus. The movant must not only allege manifest injustice, but also support his allegation with specific facts contained in the record or in affidavits submitted with the motion. See Smith, supra. The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe. State v. Caraballo
(1985), 17 Ohio St.3d 66. Therefore, in order to reverse the trial court's decision to deny appellant's motion to withdraw his plea, we must conclude that the trial court abused its discretion.Caraballo, supra. An abuse of discretion is more than a mere error of law; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
In this case, we find that appellant entered his pleas of guilty pursuant to an agreed plea arrangement; he was represented by highly competent counsel throughout the proceedings; a full Crim.R. 11 hearing took place; other charges against appellant were dismissed upon his agreement to plead guilty to the within charges; appellant's motion was not made until after his sentence was imposed; and, finally, there is no indication that perhaps appellant is not guilty of the charge or that he had a complete defense to the crime. Therefore, we find that appellant has failed to establish that his conviction and sentence have resulted in manifest injustice as required by Crim.R. 32.1. Accordingly, we find appellant's second assignment of error to be without merit.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ TIMOTHY E. McMONAGLE, JUDGE
 MICHAEL J. CORRIGAN, J., CONCURS; TERRENCE O'DONNELL, P.J., CONCURS INJUDGMENT ONLY.