City of Toledo, Appellant, *v.* Reasonover, Appellee.

[Cite as City of Toledo v. Reasonover, 5 Ohio St. 2d 22.]

(No. 39447—Decided December 29, 1965.)

*Mr. Louis R. Young,* director of law, and *Mr. Kenneth E. DeShetler,* for appellant.

*Mr. Sheldon M. Rosen* and *Mr. Steven L. Markowski,* for appellee.

TAFT, C. J.   In effect, the Court of Appeals has held that the trial judge abused his discretion in imposing as severe a sentence upon defendant as he did.

In our opinion, the Court of Appeals cannot hold that a trial court abused its discretion by imposing too severe a sentence on a defendant convicted of violating an ordinance where the sentence imposed is within the limits authorized by the applicable ordinance and statutes and there is nothing in the record to indicate whether defendant had a past criminal record or what his driving record was or that the trial court in sentencing defendant did not consider any such past records. *Lee v. State* (1877), 32 Ohio St. 113.

Defendant contends further that the judgment of the Court of Appeals should be affirmed because the trial court erred in permitting the prosecutor to comment during his argument to the jury on the failure of defendant to take the stand and testify.   See *Griffin v. California,* 380 U. S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229, decided April 28, 1965.

This contention was not made in the Court of Appeals or in this court in support of the cross-motion to certify of defendant which was argued before this court on June 10, 1965, and subsequently overruled. The question was never raised in this court until a brief was filed by defendant on November 10, 1965, only seven days before this case was set for argument and argued on the merits.

The Supreme Court will not ordinarily consider a claim of error that was not raised in any way in the Court of Appeals and was not considered or decided by that court.

Section 2505.21, Revised Code, provides in part:

"* * * Errors not argued by brief may be disregarded, but the court may consider and decide errors which are not assigned or specified."

Thus, the Supreme Court ordinarily will not hold that the Court of Appeals erred in not considering or deciding a claim of error "not assigned or specified" in that court and "not argued by brief" in that court.

As pointed out in *State* v. *Jones* (1965), 4 Ohio St. 2d 13, "if this court should now consider such a question before it had been presented to the Court of Appeals, we would be permitting the defendant to bypass the Court of Appeals."

It may reasonably be argued that defendant should be excused from raising in the Court of Appeals his claim of error with respect to the prosecutor's comment on his failure to testify, because he could not reasonably anticipate such an unusual decision as *Griffin* v. *California, supra*. But see 5 American Jurisprudence 2d 29, Section 545.

However, as early as June 15, 1964, when *Malloy* v. *Hogan, Sheriff*, 378 U. S. 1, 12 L. Ed. 2d 653, 84 S. Ct. 1489 was decided, there was considerable speculation among lawyers and laymen and in newspapers as to whether the Supreme Court would render a decision such as it later rendered in *Griffin*. Thereafter, any defendant who considered that he had been prejudiced by comment of the prosecutor on his failure to testify should have promptly raised that question. The defendant in the instant case did not do this although his case was not submitted to the Court of Appeals for decision until a substantial time after the decision in *Malloy*.

The judgment of the Court of Appeals is reversed, and the

26

judgments of the Municipal Court and the Common Pleas Court are affirmed.

*Judgment reversed.*

ZIMMERMAN, MATTHIAS, SCHNEIDER and BROWN, JJ., concur.

HERBERT, J., concurs in paragraph one of the syllabus and in the judgment.

O'NEILL, J., concurs in paragraph one of the syllabus.

HERBERT, J., dissenting. This dissent is confined to paragraph two of the syllabus. I believe that this court should decide appellee's claim because it challenges most seriously the integrity of the administration of justice in Ohio. Appellee claims that he was penalized by the prosecutor for exercising his constitutional right of silence, and that the trial court refused to render a corrective charge. In short, appellee claims that the trial was not fair.

The administration of justice is not a game. A procedural slip should not extinguish the Bill of Rights. In *State* v. *Jones* (1965), 4 Ohio St. 2d 13, I stated that this court under Ohio law has discretion to review constitutional claims made in the trial court but not pressed in the Court of Appeals (Section 2505.21, Revised Code). Although this court now accepts that statement unanimously, a majority of the court chose to exercise their discretion only to scan the record, *sua sponte*, for a waiver of constitutional rights.

I do not find a waiver in the record. A finding that the failure to hire clairvoyant counsel on appeal to press a claim which this court previously found to be without substance (*State* v. *Howell* [1964], 177 Ohio St. 19) is a waiver is an unfair rule. Nor do I find a waiver where an appellee, not yet having heard of the *Griffin* decision (*Griffin* v. *California* [1965], 380 U. S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229), fails to press the claim on a cross-motion to certify. If a fundamental right can be waived in a criminal case, it must be done consciously, not inadvertently.

The state courts have an obligation to safeguard the federal rights of an accused. If the state courts fail in that obligation, I foresee further intrusion by the federal judiciary into the domain of the state courts. See *Henry* v. *Mississippi* (1965), 13 L. Ed. 2d 408; *Douglas* v. *Alabama* (1965), 13 L. Ed. 2d 934.

O'NEILL, J., concurs in the foregoing dissenting opinion.