OPINION
Defendant-appellant, Benton Smith, appeals from a judgment of conviction entry filed in the Butler County Court of Common Pleas, contesting the sentence imposed upon him by the trial court.
On December 11, 1996, appellant was indicted by the Butler County Grand Jury for having weapons while under disability in violation of R.C. 2923.13(A)(3) and using weapons while intoxicated in violation of R.C. 2923.15(A). Both offenses occurred on October 18, 1996. On January 9, 1997, appellant entered a plea of guilty to count one of the indictment, having weapons while under disability, a fifth degree felony. Count two of the indictment, using weapons while intoxicated, was merged into Count one.
After appellant was advised that the maximum penalty for having weapons while under disability was twelve months imprisonment and a $2,500 fine, the trial court accepted appellant's guilty plea, found him guilty, and referred the matter for a presentence investigation. On February 28, 1997, following a hearing, the trial court filed a judgment of conviction entry in which appellant was sentenced to eleven months in prison and fined $2,000. It is from this judgment that appellant now appeals, setting forth the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY SENTENCING HIM TO ELEVEN MONTHS ON THE FIFTH DEGREE FELONY CHARGE.
In his sole assignment of error, appellant contends that the trial court erred by sentencing him to eleven months imprisonment for a fifth degree felony. Appellant argues that the sentence is inappropriate because the trial court did not find any of the factors present that are listed in R.C. 2929.13(B)(1), and the prison sentence is inconsistent with the purposes and principles of felony sentencing pursuant to R.C. "2929.12."[1]
Because appellant was convicted of a felony offense committed after July 1, 1996, the sentencing provisions of Am.Sub.S.B. No. 2 ("Senate Bill 2") apply. The overriding purposes of a sentence imposed for a felony offense committed after July 1, 1996, are "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A). The sentence imposed upon the offender should be consistent with the two overriding purposes of felony sentencing. R.C. 2929.11(B). A sentencing court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing" set forth in R.C. 2929.11. R.C. 2929.12(A).
Before a court may sentence an offender for a fifth degree felony, it must first determine whether any of the factors listed in R.C. 2929.13(B)(1)(a) through (h) exist. The court then determines, based upon consideration of the seriousness and recidivism factors contained in R.C. 2929.12(B) and (C) and (D) and (E) respectively, whether a prison term or community control sanction is consistent with the purposes and principles of R.C.2929.11. See R.C. 2929.13(B)(2)(a) and (b). If the court determines that a prison term is warranted despite the absence of any of the factors of R.C. 2929.13(B)(1), the court selects a definite term from the range available pursuant to R.C.2929.14(A)(1) through (5). In this case, the sentencing range for a fifth degree felony is a prison term of six to twelve months. R.C. 2929.14(A)(5).
"A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion." State v. Yontz (1986),33 Ohio App.3d 342, 343. Generally, the trial court does not abuse its discretion when sentencing a defendant where the sentence imposed is authorized by statute. State v. Bruce (1994), 95 Ohio App.3d 169,172. See, also, Toledo v. Reasonover (1965), 5 Ohio St.2d 22, paragraph one of the syllabus.
In its judgment of conviction entry, the trial court stated that it considered the statutory criteria of R.C. 2929.11, R.C.2929.12, and R.C. 2929.13(B). The entry states that the court considered the factors set forth in R.C. 2929.13(B)(1) and found none of the factors to be present. The court also found that, after consideration of the elements established in R.C. 2929.12, a prison term, as opposed to a community control sanction, is consistent with the purposes and principles of sentencing as defined in R.C. 2929.11. The court specifically found that appellant is "not amenable to community control" and that recidivism is likely.[2] Therefore, the court ordered appellant to serve an eleven month term of imprisonment and pay a fine in the amount of $2,000.
After carefully reviewing the record, we find that the trial court did not abuse its discretion by sentencing appellant to an eleven month term of imprisonment and a $2,000 fine. See Yontz,33 Ohio App.3d at 343. There is no evidence that the trial court failed to properly consider the required statutory criteria found in R.C. 2929.11, the recidivism factors found in R.C. 2929.12(D) and (E), and the factors found in R.C. 2929.13(B) prior to imposing sentence in this case. See Bruce, 95 Ohio App.3d at 173. In addition, the trial court imposed a sentence upon appellant that is within the sentencing guidelines and authorized by statute for the crime of having weapons while under disability. See id. at 172; R.C. 2929.14(A)(5).[3] Accordingly, we find that the sentence imposed by the trial court was not so unreasonable, arbitrary, or unconscionable as to constitute an abuse of discretion. See Bruce, 95 Ohio App.3d at 172; Yontz,33 Ohio App.3d at 343. Appellant's sole assignment of error is overruled.
Judgment affirmed.
WALSH and BROGAN, JJ., concur.
James A. Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3) of the Ohio Constitution.
[1] We note that the purposes and principles of felony sentencing are found in R.C. 2929.11, not R.C. 2929.12.
[2] The trial court found that appellant has an extensive history of drug and alcohol related offenses and that he had not responded to past sanctions for criminal convictions. The court found that appellant has been sentenced in the past to numerous community sanctions but his behavior has not changed and he has not benefited from it. The trial court also found that appellant did not demonstrate remorse for his actions.
[3] Appellant's argument that the court considered information outside of the record is without merit, as the record contains information that the charges filed against appellant were based upon his firing a shotgun.