OPINION
In December 1997, appellant, Brian Lohr, was convicted of attempted rape of a person less than thirteen years of age, in violation of R.C. 2923.02 and 2907.02(A)(1)(b), a second degree aggravated felony. Appellant was sentenced to an indefinite term of incarceration of eight years minimum to fifteen years maximum.
The conviction stemmed from offenses allegedly committed between October 1993 and October 1994 by appellant upon his stepdaughter, who was then under age thirteen.
Appellant now appeals, setting forth the following single assignment of error:
 "THE TRIAL COURTS [SIC] IMPOSITION OF THE MAXIMUM SENTENCE WAS AGAINST THE MANIFEST WEIGHT OF THE MITIGATING FACTORS AND AN ABUSE OF DISCRETION."
For offenses committed prior to July 1, 1996, the appellate standard for reviewing sentences is that we will not reverse the trial court's exercise of discretion in sentencing where the sentence falls within statutory limits. Toledo v.Reasonover (1965), 5 Ohio St.2d 22. Former R.C.2929.11(B)(2)(a), which addressed the penalty for a second degree aggravated felony, provided that:
 "(a) If the offender has not previously been convicted of or pleaded guilty to any aggravated felony of the first, second, or third degree, aggravated murder or murder, * * * the minimum term, which may be imposed as a term of actual incarceration, shall be "three, four, five, six, seven, or eight years, and the maximum term shall be fifteen years[.]"
R.C. 2929.12(C) formerly provided certain criteria concerning the offense, the victim, and the offender which did not "control the court's discretion, but shall be considered in favor of imposing a shorter minimum term."
In this case, the trial court specifically noted that it weighed "a number of factors," including the facts and circumstances surrounding the case and appellant's background. This indicates that the court considered R.C. 2929.12(C) factors. The sentence imposed was within the parameters of R.C. 2929.11. Therefore, we cannot say that the trial court abused its discretion.
Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Fulton County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 James R. Sherck, J.
CONCUR.