This is an appeal from judgments of conviction and sentence entered by the Washington County Common Pleas Court, upon a guilty plea, finding David Persons, defendant below and appellant herein, guilty of assault (a fourth degree felony) in violation of R.C. 2903.13(A) (C)(3). The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FAILING TO MAKE THE FINDINGS REQUIRED BY R.C. 2951.03(B)(5), WHERE THE DEFENDANT-APPELLANT ALLEGED SPECIFIC INACCURACIES OF THE PRESENTENCE INVESTIGATION REPORT, AT SENTENCING."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A MAXIMUM PRISON TERM OF EIGHTEEN MONTHS."
A brief summary of the facts pertinent to this appeal is as follows. About midnight on July 23, 1997, Officer Scott Smeeks of the Belpre Police Department was patrolling the area around Main Street in Belpre, Ohio, when he was alerted that a vehicle had pulled into the parking lot of "Napoli's Pizza" and was behaving in a "suspicious" manner. Officer Smeeks went to investigate and, upon approaching the vehicle, observed the single occupant therein "duck down in the seat" to avoid detection. As Officer Smeeks got closer, however, the occupant got out of the vehicle and approached his police cruiser. It was at this point that the patrolman recognized appellant as the driver of that vehicle.
It would appear from the record that Officer Smeeks had previously cited appellant for a traffic violation for which appellant had never appeared in "Mayor's Court." The Officer knew that there was a warrant for appellant's arrest as a result of that incident and knew, or believed, that there were other outstanding warrants as well. Officer Smeeks thus placed him under arrest. As appellant was being handcuffed, he turned and struck the patrolman in the mouth causing injury and necessitating emergency medical care. Appellant fled the scene thereafter. He ultimately made his way to the State of Wisconsin where he was later arrested and, then, eventually extradited back to Ohio.
On or about August 25, 1997, the Washington County Grand Jury returned an indictment charging appellant with one (1) count of escape in violation of R.C. 2921.34 and one (1) count of assault in violation of R.C. 2903.13 (A) (C)(3). He initially entered a plea of "not guilty" to these charges but, later, reached an agreement with the prosecution whereby he would plead guilty on the assault count in exchange for a dismissal of the escape count.
The trial court held a hearing on April 13, 1998, at which time the court questioned appellant to ascertain whether he was aware of the charges against him, as well as their possible consequences, and to inform appellant about the nature and extent of his constitutional rights that he would be waiving by entering a guilty plea. Appellant responded in the affirmative and, after a brief and stipulated explanation of circumstances, his plea was accepted. Judgment of conviction was then entered on April 22, 1998, finding appellant guilty of assault as charged and dismissing the escape charge. The matter was then passed for pre-sentence investigation.
A sentencing hearing was held on May 14, 1998, at which time the trial court considered both the presentence investigation report (hereinafter referred to as "the sentencing report") as well as arguments by counsel regarding the appropriate degree of punishment for this case. The defense began by challenging several purported inaccuracies in the sentencing report. Specifically, appellant argued that the report incorrectly showed him as having perpetrated three (3) previous escapes which he had not committed. The court asked him if he had any other "corrections" to make to the sentencing report and he responded in the negative. Appellant did request that the court extend to him some "leniency" and "not impose the max[imum]" but "perhaps a sentence of twelve months with credit for time served." The prosecution disagreed and argued that the maximum possible sentence should be imposed in this case given that the assault was committed against a "law enforcement officer."
The trial court decided that the maximum sentence was required in this case "in order to protect the public and adequately punish the offender." The court noted that appellant had "caused physical harm to [a] person," had a prior conviction for causing similar harm to another person and, in fact, had numerous criminal convictions both as an adult and as a minor. The court concluded that he "was not rehabilitated under prior sanctions as an adult or a juvenile" and that there was a strong likelihood of recidivism. Appellant was thus given a sentence of eighteen (18) months imprisonment. Judgment to that effect was filed on May 19, 1998, and this appeal followed.[2]
 I
Appellant's first assignment of error goes to the purported inaccuracies in the sentencing report. He directs our attention to the provisions of R.C. 2951.03(B)(5) which statesinter alia as follows:
 "If the comments of the defendant or the defendant's counsel . . .alleges any factual inaccuracy in the presentence investigation report or the summary of that report, the court shall do either of the following with respect to each alleged factual inaccuracy:
(a) Make a finding as to the allegation;
 (b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant."
Appellant argues that the trial court failed to engage in this procedure after he asserted that several of the escape convictions set forth in the sentencing report were inaccurate. He concludes that the trial court's failure to either make a finding with respect to the purported inaccuracies, or to affirmatively state that they would not be taken into consideration in passing sentence, amounts to reversible error. We disagree.
First, we are not entirely persuaded that the court failed to comply with this statutory directive. A review of the transcript of the sentencing hearing reveals that the court engaged in a length colloquy with appellant to precisely determine which of the many offenses set forth in the sentencing report were supposedly inaccurate. At the conclusion of that exchange, appellant was asked if he wished to make "any other correction" to the record. (Emphasis added.) The court's use of the term "correction" in this sense implies to us that the court accepted appellant's argument that the challenged escape convictions were, in fact, inaccurate and that they would not be taken into account when passing sentence pursuant to R.C. 2951.03(B)(5)(b). We would agree that the court might have been more precise that this was indeed the case but, nevertheless, it appears to us that the court followed the requisite statutory procedure.
Even assuming arguendo that the trial court did not make an implicit determination under R.C. 2951.03(B)(5)(b), we would still not be inclined to find reversible error. This Court recently addressed a similar set of circumstances in State v.Griffin (Feb. 12, 1998), Washington App. No. 97CA17, unreported, and concluded that a failure to make the requisite findings pursuant to R.C. 2951.03(B)(5) was harmless error if "the record reflects that none of the trial court's findings or considerations would be affected in the least by the alleged inaccuracies in the report." We readily conclude that this would have been the case here.
Appellant challenged the accuracy of only three (3) escape convictions set forth in the sentencing report. He admitted, however, to several other escape convictions listed therein. Moreover, his past juvenile and adult criminal record spans no less than five (5) full pages in the sentencing report and is replete with numerous convictions for other offenses. More than sufficient evidence exists to support a finding that appellant has a high likelihood of recidivism and that appellant has not been particularly susceptible to past attempts at rehabilitation. We would also point out that, of all the prior offenses listed in the sentencing report, the trial court made reference to only one in particular, and that was a prior assault conviction. It is worth noting that appellant has never challenged the accuracy of this particular item in the sentencing report.
Given appellant's extensive criminal background, as well as the unchallenged prior assault conviction, we believe it is highly unlikely that the trial court's decision to impose the maximum sentence would have been affected by the three (3) "inaccurate" prior escape convictions. Thus, any arguable error on the part of the trial court in failing to follow the requisite procedures outlined in R.C. 2951.03(B)(5) would not have affected a substantial right and, subsequently, would constitute harmless error. See Crim.R. 52(A); Griffin, supra. For these reasons, we find that the first assignment of error is without merit and is hereby overruled.
 II
Appellant argues in his second assignment of error that the trial court improperly sentenced him to the maximum possible term of imprisonment. Again, we disagree.
Our analysis begins from the standpoint that the crime for which appellant was convicted (i.e. assaulting a police officer) is a fourth degree felony. See R.C. 2903.13(C)(3). The possible prison terms for such an offense range anywhere from six (6) to eighteen (18) months. See R.C. 2929.14(A)(4). A maximum prison sentence of eighteen (18) months can only be imposed upon offenders who, inter alia, pose the greatest likelihood of committing future crimes. Id. at (C). If the maximum sentence is imposed, then the trial court must "make a finding" giving its reasons for selecting that degree of punishment. See R.C. 2929.19(B)(2)(d). We conclude that the trial court complied with these provisions.
It is clear from reviewing both the sentencing entry and the transcript of the sentencing hearing that recidivism was the primary, if not sole, determinant behind the trial court's imposition of the maximum possible sentence. Appellant contends that this was error for several reasons. First, he argues that there "is a genuine dispute" as to the extent of his prior criminal record. He points out, as he did in his first assignment of error, that the sentencing report lists three (3) previous escape convictions which he supposedly did not commit. Appellant concludes that there is "a substantial difference in recidivism risk between an honest defendant, without three prior escape convictions, and a dishonest one, with the additional convictions." (Emphasis added.) We are not persuaded.
What appellant seems to forget is that the sentencing report also shows that he has juvenile convictions for, among other things, vandalism, disorderly conduct and theft as well as adult convictions for, among others, unauthorized use of a motor vehicle, grand theft, disorderly conduct and assault. Appellant did not challenge any of these other convictions as being inaccurate. Moreover, the sentencing report details numerous other arrests and "run ins" with police over the years. We therefore have a great deal of difficulty in accepting appellant's self-characterization as an otherwise "honest defendant" aside from the contested escape convictions. His extensive criminal background, especially the prior conviction for assault, clearly supports the trial court's concern that he poses a great threat of recidivist behavior.
Appellant also contends that the trial court misapplied the statutory criteria for determining recidivist risk. Those criteria are set forth in R.C. 2929.12(D) as follows:
 "The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
* * *
 (2) The offender previously was adjudicated a delinquent child . . . or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child . . . or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern . . ."
The trial court found all three of these factors from R.C.2929.12(D) to be present in the cause sub judice. Appellant does not challenge the court's findings insofar as his previous juvenile convictions, his previous adult convictions or his failure to be rehabilitated during imposition of sanctions for those convictions. However, appellant does challenge the trial court's finding that he "has demonstrated a pattern of drug or alcohol abuse related to the offense" or that he has failed to acknowledge that pattern. Appellant contends that nothing in the record substantiates such a finding. His contention is without merit.
We note that the sentencing report contains a section addressing appellant's "physical and mental health." It is reported therein that appellant "first used alcohol at age 19 and smoked marijuana at the same time." The report continues that, "[p]rior to his arrest, [appellant] stated that he was drinking alcohol on a daily basis but does not feel he has a problem." Further, "[i]n a previous report, [appellant]admitted to excessive use of alcohol since 1987 and stated that he was a heavy abuser of marijuana and other illegal drugs since 1977." (Emphasis added.) Appellant also represented to the investigator who prepared the sentencing report that he "did not feel he had a problem with alcohol." This portion of the report, to which appellant made no objection or other challenge, is sufficient to establish both a pattern of alcohol abuse and a refusal to acknowledge that abuse. His further admission that he was intoxicated at the time he assaulted Officer Smeeks establishes that this pattern of abuse was related to the incident at issue herein. We therefore find that the trial court's conclusion regarding the risk of recidivism under R.C. 2929.12(D)(4) is amply supported by the record.
Appellant also objects to the trial court's explanation that a minimum punishment was neither "adequate to protect the public nor to punish the offender" because the crime (i.e. assault) caused "physical harm" to the victim. He contends that "physical injury" is a normal constituent of felonious assault and that the injury in this case was not permanent or life threatening. We are not persuaded. While it may be true that the blow sustained by Officer Smeeks did not precipitate any serious medical damage, it also appears to have been more than just a slap in the face. As a result of appellant's attack, Smeeks required emergency assistance and has incurred medical bills for the treatment of his injuries. This Court addressed an analogous argument in State v. Patterson (Sep. 21, 1998), Washington App. No. 97CA28, unreported, and concluded that the General Assembly probably did not intend for crimes to escape a maximum allowable punishment "simply because an even worst case scenario could be imagined." Thus, we find nothing improper with the trial court taking those injuries into consideration when deciding to impose more than the minimum sentence.
As a final matter, we would note that trial courts have historically enjoyed broad discretion in sentencing so long as the sentence imposed is within the statutorily prescribed limits. See Toledo v. Reasonover (1965), 5 Ohio St.2d 22,213 N.E.2d 179 at paragraph one of the syllabus. The same is generally true even under the new sentencing guidelines provided, however, that the appropriate statutory procedures are followed and the correct statutory factors are properly weighed. See R.C. 2929.12(A); also see generally Patterson,supra; State v. McConnaughey (Mar. 3, 1998), Athens App. No. 97CA39, unreported; State v. Thomas (May 18, 1998), Washington App. No. 97CA20, unreported; State v. Ditterline (Sep. 5, 1997), Washington App. No. 96CA47, unreported.[3] Moreover, appellate courts are now precluded from modifying or vacating a sentence unless it is "clearly and convincingly" shown that the sentence is not supported by the record, is contrary to law or that the trial court failed to follow the proper statutory procedures for imposing such sentence. See R.C. 2953.08(G)(1).
We conclude in this case that the sentence imposed by the trial court is amply supported by the record and is not contrary to law. We are also satisfied that the lower court considered the proper factors and entered appropriate findings to support the sentence. Therefore, the sentence will not be reversed absent a showing of an abuse of discretion. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark (1994), 71 Ohio St.3d 466, 470,644 N.E.2d 331, 335; State v. Moreland (1990), 50 Ohio St.3d 58,61, 552 N.E.2d 894, 898; State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144, 149. An abuse of discretion means that the result is so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but, instead, passion or bias. Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254,256, 662 N.E.2d 1, 3. This is a difficult standard to meet and this Court will not substitute its own judgment for that of the trial court in determining the most effective way to comply with the principles and purposes of the sentencing guidelines. See In re Jane Doe I (1991), 57 Ohio St.3d 135,137-138, 566 N.E.2d 1181, 1184; Berk v. Matthews (1990),53 Ohio St.3d 161, 169, 559 N.E.2d 1301, 1308.
Thus, having reviewed the record before us, and considering the particular facts and circumstances of the crime as well as appellant's criminal background, we discern neither error nor an abuse of discretion in the decision to impose the maximum allowable prison sentence. The second assignment of error is accordingly overruled.
Accordingly, after our review of the errors assigned and argued by appellant, and finding merit in neither of them, we affirm the trial court's judgments of conviction and sentence.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion
For the Court
 BY: _______________________ Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[2] An amended sentencing entry was filed June 16, 1998, to correct an error in the citation to the Ohio Revised Code section which appellant had been convicted of violating.
[3] This is somewhat different from the "abuse of discretion" standard applied prior to passage of Am.Sub.S.B. No. 2, 146 Ohio Laws ___________ which overhauled Ohio's felony sentencing law in 1995. By providing statutory standards for the exercise of discretion in R.C. 2929.11 through R.C. 2929.20, the Ohio General Assembly has now clearly defined that which is an "abuse of discretion." Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.) 495, § 9.16. The failure of a trial court to exercise its discretion within the detailed standards provided by the purposes, array of principles, factors, and presumptions means that the sentencing court has abused its discretion. Id.