OPINION
Defendant Jerry Carter appeals the December 20, 2000 judgment of the Sidney Municipal Court finding him guilty of two counts of driving under suspension and sentencing him to 180 days incarceration and a $250 fine. On November 11, 1999, Shelby County Sheriff's Deputy Scott Atwood observed Mr. Carter driving a white pick-up truck. Deputy Atwood recognized Mr. Carter and was aware that Mr. Carter's license was under suspension for previous vehicular offenses. However, because he was out of his dress uniform and off-duty, Deputy Atwood did not stop Mr. Carter or issue him a citation at that time. Three days later, however, Deputy Atwood located Mr. Carter at his place of employment, and issued him a citation for driving while under financial responsibility and administrative license suspensions. On November 22, 1999, Mr. Carter entered a plea of not guilty to the charges. On June 7, 2000, Mr. Carter changed his plea to no contest, was convicted by the trial court on one count of driving without an operator's license, and was sentenced to six months in jail. On June 13, 2000, Mr. Carter appealed to this Court, and we reversed the trial court's judgment, holding that the trial court had failed to comply with Crim.R. 11(E) when it accepted Mr. Carter's plea of no contest. State v. Carter (Sept. 27, 2000), Shelby App. No. 17-2000-12, unreported 2000 WL 1420277. We remanded the case, and Mr. Carter proceeded to a trial to the court on the original two charges.
Deputy Atwood was the lone witness at Mr. Carter's trial. He testified that on November 8, 1999, at approximately 1 P.M., he drove his patrol cruiser into a grocery store lot. Deputy Atwood was taking a lunch break after a morning of SWAT training, and was wearing SWAT fatigues with deputy sheriff patches on them. Just before he exited his patrol cruiser to enter the grocery store, he witnessed a White Chevy S-10 pickup truck pull into the parking lot from State Route 29, and he recognized the driver as Mr. Carter, whom he knew to be an unlicensed driver. He called in to his dispatcher, and logged in the truck's license plate, its location, and the time, and he also had his dispatcher look up Mr. Carter's driving record and place the resulting information into his (Deputy Atwood's) mailbox at the Sheriff's Office. However, he did not stop Mr. Carter, instead allowing him to drive off. After Mr. Carter exited the parking lot, Deputy Atwood returned to his SWAT training.
Mr. Carter's attorney objected to the admission of Deputy Carter's testimony, arguing that it violated R.C. 4549.16.
 Any officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the main purpose of enforcing such laws is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was not wearing a distinctive uniform in accordance with section 4549.15
of the Revised Code.
 The trial court overruled the defendant's objection, presumably because Deputy Atwood also indicated that he was "not on duty to enforce traffic at the time of [his] observation" of Mr. Carter. Transcript of Trial Proceedings, at *15. At the close of the evidence, the trial court found the defendant guilty of driving while under financial responsibility and administrative license suspensions, and sentenced the defendant to a $250 fine and 180 days incarceration. Mr. Carter now appeals, and asserts two assignments of error with the trial court's judgment.
 The trial court erred by concluding the officer was competent to testify.
 The trial court's sentence is grossly excessive given the facts of this case.
 In his first assignment of error, defendant notes that R.C. 4549.15 requires law enforcement officers to wear "a distinctive uniform" when they are enforcing traffic laws, and argues that under R.C. 4549.16 an officer who is not wearing a "distinctive uniform" is incompetent to testify about an alleged traffic violation. See also Evid.R. 601(C). However, even if we assume that Deputy Atwood's SWAT fatigues do not constitute a "distinctive uniform," the defendant has misinterpreted the provisions of R.C. 4549.16, which applies only to "officer[s] being on duty exclusively or for the main purpose of enforcing such laws." R.C. 4549.16. Here, Deputy Atwood testified that he was on a lunch break from his SWAT training, and was "not on duty to enforce traffic at the time of [his] observation" of Mr. Carter. Transcript of Trial Proceedings, at *15. Accordingly, R.C. 4549.16 does not bar his testimony. See also Evid.R. 601(C) (barring testimony of non-uniformed officer only when officer was on duty "for the exclusive or main purpose of enforcing traffic laws.")
In his second assignment of error, defendant asserts that the trial court's sentence of six months incarceration was excessive. However, at the time of defendant's sentencing, the trial court observed:
 Mr. Carter has been around this court in the past. In fact for purposes of sentencing and as far as responding to your request, the Court would note that Mr. Carter had a DUI in '98, a DUS in '97, a DUS in '97, a no OL in '98, a DUI in 2000, a DUS in '97, a DUS in '95, a DUS in '95, a DUI in '95, a DUS in '93, a DUS in '93, a reckless operation in '93, a DUS in '93, and a DUI in '92.
 This recitation of defendant's vehicular offense history is supported in the record by a copy of the defendant's Bureau of Motor Vehicles report, which was authenticated by the Registrar of the BMV, included in the case file, and supplied to the trial judge. Moreover, defendant was convicted of two first-degree misdemeanors, see R.C. 4507.99, and faced a potential sentence of up to one year in jail on each offense.
 The Court of Appeals cannot hold that a trial court abused its discretion by imposing too severe a sentence on a defendant convicted of violating an ordinance, where the sentence imposed is within the limits authorized by the applicable ordinance and statutes and there is nothing in the record to indicate whether defendant had a past criminal record or what his driving record was or that the trial court in sentencing defendant did not consider any such past records.
 Toledo v. Reasonover (1965), 5 Ohio St.2d 22, paragraph one of the syllabus. Here, the sentence chosen by the trial court was well within the bounds of the law, and when taken in light of the defendant's extensive history of disregarding the vehicular law, the sentence was well within the trial court's broad discretion under Reasonover.
For these reasons, the defendant's two assigned errors are overruled, and the judgment of the Municipal Court of Sidney is affirmed.
 ______________ Shaw, J.
WALTERS, P.J., and HADLEY, J., concur.