In August of 1997, Defendant-Appellant David Todd was indicted for two counts of gross sexual imposition against his daughter and stepdaughter, who were both under the age of thirteen. Pursuant to a plea agreement, on June 1, 1998, Todd plead no contest to one of those counts and was found guilty by the court. He was subsequently sentenced to five years of community control sanctions, and designated as a sexual predator. As part of his community control sanctions, Todd was prohibited contact with any of his children or stepchildren.
In May of 1998, Todd married Lee Brown, the mother of one of the victims. During the time period following his conviction, Todd continued to see his wife on the weekends when Brown's children were with their natural father, to avoid violating the court's order. In August of 1999, Brown and her children moved out of the marital residence and into 2117 Courtland Avenue, where Todd's name was not on the lease. Todd paid the phone bill and had a few pieces of furniture in the new residence, but did not have a key. In November of 1999, Brown informed Todd that she wanted a divorce.
On Friday, January 14, 2000, Brown testified that Todd called her several times asking if he could come over. She continually refused, because her daughter, Jackie, was home sick, and she did not want to see him. The calls continued on Saturday with Brown repeatedly refusing to allow him to come over. Saturday night, while Brown and her daughter were asleep in Brown's bed, Todd entered the home. He came into the bedroom and Todd and Brown began to argue. The argument eventually awoke Jackie, who testified that she was scared to see Todd in her home. At one point, Brown told Jackie to call 911, but Todd grabbed Jackie's arm and picked her up to prevent her from making the call. He also unplugged the phone. After approximately thirty minutes of Brown telling him to leave, Todd finally left. Brown learned later that Todd had changed the lock on the back door and he had the key.
After a jury trial, Todd was convicted of burglary for trespassing into Brown's residence while she was present. See R.C. 2911.12(A)(4). He was then sentenced to six months incarceration for the burglary conviction and one year for violation of community control sanctions, to be served consecutively.
Todd is now appealing both his 2000 conviction and sentence for burglary, and his 1998 conviction, sentence and sexual predator designation resulting from his gross sexual imposition charges. No appeal was ever taken following the 1998 case. Todd has raised the following assignments of error/issues for review:
 Whether the court erred when it relied on insufficient and inadmissible evidence and ineffective assistance of counsel to justify a finding that defendant was a sexual predator in Case 97-CR-2236 and thereby violated his Constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I Section 10 of the Ohio State Constitution.
 Whether the court erred when it allowed defendant to be convicted and sentenced for burglary in the home of his family and the illegal termination of parental rights without compliance with statutory criteria for such actions and thereby violated his Constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I Section 10 of the Ohio State Constitution.
 I
All of Todd's first assignment of error and part of his second assignment of error pertain to his 1998 conviction. He has challenged his sexual predator adjudication claiming insufficient evidence, inadmissible evidence, and ineffective assistance of counsel. In addition, Todd has argued that the provision of his community control sanctions forbidding contact with his children was improper and in violation of R.C. 3109.09(F) of the domestic relations code. None of these arguments are proper in this appeal.
Todd was sentenced for one count of gross sexual imposition and designated a sexual predator on August 21, 1998. Pursuant to App.R. 4(A), he was required to file a notice of appeal by September 20, 1998 in order to challenge those findings. In fact, this court is without jurisdiction to hear any appeal filed past the thirty-day requirement of App.R. 4(A). State v. West (Jan. 19, 2001), Greene App. No. 2000CA56, unreported, at p. 1, citing Richards v. Indus. Comm. (1955),163 Ohio St. 439, 445. The present notice of appeal was filed on October 6, 2000, over two years later. Todd has not requested an App.R. 5(A) leave to file a delayed appeal, but instead has attempted to incorporate the appeal of his 1998 case with the current case.
In this regard, the supreme court has held:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment. (Emphasis omitted)
State v. Reynolds (1997), 79 Ohio St.3d 158, 161, citing State v. Perry
(1967), 10 Ohio St.2d 175, syllabus. All of the issues specified above constitute claims which could have been raised in a direct appeal of Todd's 1998 conviction. Because Todd never timely appealed his 1998 conviction and sexual predator adjudication, we are now without jurisdiction to consider any of those issues. Accordingly, Todd's first and part of his second assignments of error are overruled.
 II
The only viable claim which remains for consideration is Todd's challenge of his sentence. He argues that the court abused its discretion when considering the sentencing factors which resulted in an eighteen-month prison sentence, and in revoking his community control status.
When imposing sentence, a trial court is granted wide discretion "as long as the sentence is within statutory guidelines. A sentence within the guidelines will not be disturbed on appeal absent an abuse of discretion." State v. Patterson (May 2, 1997), Montgomery App. No. 15699, unreported, at p. 9, citing Toledo v. Reasonover (1965),5 Ohio St.2d 22, 24. An abuse of discretion indicates more than an error of law or judgment, but instead an unreasonable, arbitrary or unconscionable attitude. State v. Golson (Mar. 9, 2001), Montgomery App. No. 17707, at p. 7, citing State v. Adams (1980), 62 Ohio St.2d 151,157.
On September 25, 2000, Todd was sentenced for his conviction of burglary, a fourth degree felony. R.C. 2929.13(B) provides the following regarding sentence for a fourth degree felony:
 (2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12
of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
Factor (B)(1)(h) allows a prison term if the felony was committed while the individual was under community control sanction. Todd was under community control sanctions from his 1998 conviction at the time of the burglary in January 2000.
The relevant factors referred to in R.C. 2929.12 pertain to the seriousness of the crime and the likelihood of recidivism. Section (B) lists factors indicating the offender's conduct was more serious than normal; section (C) lists factors indicating the offender's conduct was less serious than normal; section (D) lists factors indicating recidivism is likely; section (E) lists factors indicating recidivism is unlikely. Further, the court "may consider any other factors that are relevant to achieving those purposes and principles of sentencing," found in R.C.2929.11. R.C. 2929.12(A). The court found the following factors in R.C.2929.12 relevant to Todd's case:
 (B)(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (D)(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
(5) The offender shows no genuine remorse for the offense.
In addition, the court found two other factors which supported a prison term: (1) Todd's adjudication as a sexual predator, and (2) Todd's constant violation of court orders while on community control. Moreover, we feel that subsection (B)(6), "[t]he offender's relationship with the victim facilitated the offense," should also have applied as a seriousness factor.
Todd specifically challenges a number of factors considered by the trial court. First, he argues factors (D)(1), (2) and (3) were related to the same incident, his 1998 conviction, and that the court's finding that he had no genuine remorse was speculation. We find neither of these arguments have merit. It is irrelevant whether the factors relate to the same incident, the trial court has discretion to consider any applicable factor, and make conclusions based on what occurs in the courtroom.
Further, Todd claims the court's consideration of his sexual predator designation to be improper. We disagree. R.C. 2929.11 provides the overriding purposes of sentencing are to protect the public and punish the offender. When the trial court is faced with sentencing a defendant who has been convicted of trespassing into a habited residence, it is highly relevant that the individual has been designated a sexual predator.
Finally, Todd contests the court's consideration of factor (B)(2), that the victim suffered serious harm, claiming that no testimony supported this finding. R.C. 2901.01(A)(5) defines "serious physical harm to persons" as any of the following:
 (a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 (b) Any physical harm that carries a substantial risk of death;
 (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement.
 (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.
The testimony only revealed slight harm to Brown's daughter as a result of the burglary. She testified that the incident frightened her, and that Todd hurt her arm when she attempted to go call 911. We do not find this testimony sufficient to satisfy any of the above statutory definitions for serious physical or psychological harm. Therefore, we find the trial court abused its discretion in considering this factor when sentencing Todd.
Because he was convicted of a felony while under community control, Todd clearly violated his community control sanctions. Therefore, the trial court did not abuse its discretion in sentencing Todd to a prison term for that violation. See R.C. 2929.15(B). In addition, R.C.2929.14(A)(3) provides that a one-year sentence is appropriate for a third degree felony, which was the level of felony Todd was convicted of in 1998. Therefore, the trial court did not abuse its discretion in sentencing Todd to one year of prison for community control violations.
However, based on our review of the factors above, we find that the trial court did abuse its discretion in relying on the serious physical or psychological harm factor in Todd's burglary sentence. Although the court gave Todd the minimum prison term for a fourth degree felony, we cannot be sure that the sentence would remain the same when reexamined in the absence of that factor. Therefore, we must reverse the sentence for burglary and remand for the trial court to reevaluate and resentence without consideration of the serious harm factor. We do not suggest that the same sentence would be improper without that factor, but because the sentence is within the trial court's discretion, we must allow the trial court to make the decision.
Based on the foregoing, we sustain in part Todd's final assignment of error. Judgment reversed and remanded for actions consistent with this opinion.
FAIN, J., and GRADY, J., concur.