OPINION
{¶ 1} Appellant Corey Mayle appeals his sentence and conviction by the Muskingum County Court of Common Pleas on one count of Intimidation of a Witness, a misdemeanor of the first degree.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On March 20, 2002, Appellant was indicted on one count of Intimidation of a Witness, in violation of R.C. 2921.04(B), a third degree felony.
 {¶ 4} A jury trial was held on August 27, 2002 and continued with deliberations on August 28, 2002. The jury returned a verdict of guilty of the lesser included offense of Intimidation of a Witness, a first degree a misdemeanor.
 {¶ 5} On September 30, 2002, subsequent to a presentence investigation, Appellant was sentenced to six months in the local county jail. Appellant was also denied work release at that time.
 {¶ 6} On October 16, 2002, the trial court filed its Judgment Entry of sentence.
 {¶ 7} On November 12, 2002, Appellant filed his timely notice of appeal, assigning the following errors for review:
 Assignments of Error I. {¶ 8} "The trial court erred by permitting the jury to convict appellant of a misdemeanor when appellant had not been indicted on a misdemeanor."
 II. {¶ 9} "The trial court erred by sentencing appellant to the maximum sentence on a misdemeanor."
 III. {¶ 10} "The trial court erred by not permitting appellant to have a work release as other convicted individuals have at the Muskingum County Jail."
 I. {¶ 11} In his first assignment of error, Appellant argues that the trial court erred in allowing Appellant to be convicted of the lesser included offense. We disagree.
 {¶ 12} The Ohio Supreme Court held in State v. Deem (1988),40 Ohio St.3d 205, 533 N.E.2d 294, paragraph one of the syllabus: APursuant to R.C. 2945.74 and Crim.R. 31(C), a jury may consider three groups of lesser offenses on which, when supported by the evidence at trial, it must be charged and on which it may reach a verdict: (1) attempts to commit the crime charged, if such an attempt is an offense at law; (2) inferior degrees of the indicted offense; or (3) lesser included offenses.
 {¶ 13} A crime is a lesser included offense of another crime when:
 "(i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." Id.
 {¶ 14} Based upon the clear meaning of this statute, it is not necessary for a criminal defendant to be formally charged with each lesser included offense of which he may be found guilty. By properly charging the greater offense the lesser charge is included by implication.
 {¶ 15} In the case sub judice, Appellant was indicted under R.C. 2921.04(B) which states:
 "(B) No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness."
 {¶ 16} Appellant was found guilty of R.C 2921.04(A), which states:
 "(A) No person shall knowingly attempt to intimidate or hinder the victim of a crime in the filing or prosecution of criminal charges or a witness involved in a criminal action or proceeding in the discharge of the duties of the witness."
 {¶ 17} Revised Code 2921.04(A) is a lesser included offense of R.C. 2921.04(B) because it contains the same elements with the exception of the requirement of "by force or by unlawful threat of harm to any person or property." Accordingly, we find the trial court did not err in failing to instruct the jury on the lesser included offense
 {¶ 18} Appellant's first assignment of error is overruled.
 II. {¶ 19} In his second assignment of error, Appellant argues that the trial court erred in sentencing Appellant to the maximum sentence. We disagree.
 {¶ 20} In the matter sub judice, appellant was found guilty and convicted of Intimidation of a Witness, a first degree misdemeanor. First degree misdemeanors are punishable by up to 180 days in jail and/or a $1,000 fine. The trial court sentenced appellant to the maximum sentence delineated in R.C. 2929.21(B)(1) and (C)(1). The court's actions fell within the statutory sentencing parameters. We find no abuse of discretion occurred with respect thereto. City of Toledo v. Reasonover
(1965), 5 Ohio St.2d 22, 24, 213 N.E.2d 179.
 {¶ 21} Revised Code 2929.22 governs sentences for misdemeanors, and provides that the criteria listed in Subsection (C) of the statute be considered against imposing imprisonment for a misdemeanor. The record in the instant case does not indicate that the trial court failed to consider the statutory criteria, and we, therefore, conclude that the maximum sentence was not an abuse of discretion.
 {¶ 22} Appellant's second assignment of error is overruled.
 III. {¶ 23} In his third assignment of error, Appellant argues that the trial court erred in denying Appellant work release. We disagree.
 {¶ 24} Appellant has failed to cite any authority for this assignment.
 {¶ 25} We find that the availability of work release is a discretionary decision for the trial court.
 {¶ 26} Appellant's third assignment of error is overruled.
 {¶ 27} The decision of the Muskingum County Court of Common Pleas is affirmed.
By: Boggins, J.; Farmer, P.J. and Hoffman, J. concur.