OPINION
{¶ 1} Defendant, John F. Kennedy, was indicted and went to trial on two counts of felonious assault, R.C. 2903.11(A)(2). Kennedy entered a plea of guilty to one of the two charges in mid-trial, in exchange for the State's agreement to dismiss the other charge. The trial court sentenced Kennedy to a seven year prison term.
 {¶ 2} Kennedy's offense arose out of a fight between his girlfriend, Lynne Solon, and his former wife, Tammy Kennedy. Defendant intervened, and in the process struck his former wife with a beer bottle, breaking her nose, and with a baseball bat, inflicting multiple bruises. Lynne Solon stabbed Tammy Kennedy, inflicting more serious injuries.
 {¶ 3} Defendant Kennedy filed a timely notice of appeal from his conviction. He presents two assignments of error.
FIRST ASSIGNMENT OF ERROR
 {¶ 4} "Appellant's Sentence Is Overly Harsh, Contrary To Law, Unsupported By The Record, And Based On Erroneous Findings Of Fact."
 {¶ 5} Felonious Assault, R.C. 2903.11(A)(2), provides, interalia, that "[n]o person shall knowingly . . . [c]ause or attempt to cause physical harm to another . . . by means of a deadly weapon or dangerous ordnance." A violation of that section is a felony of the second degree. For a violation of a felony of the second degree the court must impose a definite prison term of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). Defendant Kennedy was sentenced to seven years within the statutory sentencing range for his offense.
 {¶ 6} The appellate jurisdiction of the courts of appeals is determined by statute. Article IV, Section (B)(2), Ohio Constitution. That jurisdiction with respect to review of criminal sentences is set out in R.C. 2953.08. The grounds for appeal and the relief a court of appeals may grant pursuant to that section are exclusive of any other remedy except, per paragraph (A) therein, "any other right of appeal." That phrase is not explained.
 {¶ 7} Prior to July 1, 1996, when R.C. 2953.08 became effective, the general rule in Ohio was that a trial court had broad discretion in sentencing within the statutory limits, and no abuse of discretion existed when the sentence imposed fell within the range authorized by statute. A court of appeals could not hold that a trial court "abused its discretion by imposing too severe a sentence on the defendant . . . where the sentence imposed is within [statutory limits.]" City of Toledo v.Reasonover (1965), 5 Ohio St.2d 22, 24.
 {¶ 8} R.C. 2953.08(A)(1)-(6) sets out the grounds on which a defendant now has an appeal as of right. Paragraph (G) of R.C. 2953.08
permits a court of appeals to grant relief upon a finding of error. Paragraph (G)(1) authorizes a remand when statutorily-required findings were not made by the trial court. Paragraph (G)(2) authorizes the appellate court to "increase, reduce, or otherwise modify a sentence that is appealed under this section or [to] vacate the sentence and remand the matter to the sentencing court for resentencing." Id. The section further provides that "[t]he appellate court's standard for review is not whether the sentencing court abuse its discretion, and that it can order the relief the section authorizes only if the appellate court "clearly and convincingly finds" one or both of two alternative grounds. One involves certain statutory prescriptions that are either not involved here or which Defendant's contentions don't implicate. The other finding is: "That the sentence is contrary to law."
 {¶ 9} That a sentence a trial court imposed is "contrary to law" is also one of the grounds on which a defendant may seek appellate review of the sentence imposed on him. R.C. 2953.08(A)(4). The scope of its meaning has been a matter of contention. Does it mean any error, including an abuse of discretion? If it does, the provision dispenses with the limitation on abuse of discretion challenges to sentences within statutory limits that previously applied. Toledo v. Reasonover.
 {¶ 10} We believe that the phrase "contrary to law" is not that expansive. By expressly depriving appellate courts of an abuse of discretion standard of review, R.C. 2953.08(G)(2) avoids abuse of discretion claims. Instead, "contrary to law" sensibly means a sentencing decision that ignores an issue or factor which a statute requires a court to consider. Griffin and Katz, Ohio Felony Sentencing Law (2002 Ed.), § T 9.7 "Where a sentencing court fails to make findings required in R.C. 2929.13 or R.C. 2929.14, fails to engage in the seriousness and recidivism analysis required under R.C. 2929.12 or fails to set forth reasons when reasons are required in R.C. 2929.19, the sentence is contrary to law." Id., at p. 779, citing State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 11} Defendant Kennedy's contentions and the reasons for them which he presents involve none of those things. Neither does it involve any of the other grounds for appeal in R.C. 2953.08. Kennedy instead objects that when it imposed his sentence the court took account of the fact that his girlfriend had inflicted his former wife's stab wounds. He objects that the court made reference to non-existent prior convictions on his part. He objects that the court had the benefit of the State's evidence only, as his change of plea occurred mid-trial. He objects that the court cut off his counsel's contention that it was his child's idea to provide Kennedy the baseball bat Kennedy used to beat his former wife. And, he objects that the stab wounds his girlfriend inflicted were far more serious than the injuries he inflicted.
 {¶ 12} The State responds to these arguments by analyzing the matters they involve within the context of the findings the trial court was required to make, such as those involving seriousness and recidivism. However, Kennedy doesn't argue that the court erred because it failed to make findings or engage in the statutory analysis it was required to apply. He merely argues that the court was wrong in the conclusions it reached, to the extent that the court relied on those conclusions to impose a sentence he received. This is, essentially, an abuse of discretion claim, which is not among the grounds for appeal for which R.C. 2953.08(A) provides.
 {¶ 13} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 14} "Appellant Received Ineffective Assistance Of Counsel."
 {¶ 15} Defendant argues that his trial counsel was ineffective because he "should have been well aware of Appellant's criminal record before sentencing." (Brief, p. 5). He suggests that, had his attorney been aware of his record, counsel could "have provided the Court with a proper accounting of the actual convictions," Id., and, further, that counsel should have done that.
 {¶ 16} This contention assumes that the trial court relied on incorrect information concerning Defendant Kennedy's record of convictions. We cannot know whether the court did, because this record does not reflect how the information on which the court relies was incorrect, if it was at all. Therefore, Defendant has not shown how he was prejudiced by his attorney's performance, which is the first requisite of an ineffective assistance of counsel claim. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; Statev. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 17} The second assignment of error is overruled.
 Conclusion {¶ 18} Having overruled the error assigned, we will affirm the judgment from which this appeal was taken.
BROGAN, J. and WOLFF, J., concur.