[Cite as *State v. Thomas*, 2016-Ohio-4586.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Sylvania            Court of Appeals No. L-15-1149

    Appellee                              Trial Court No. TRC0807565A

v.

Keith W. Thomas                           **DECISION AND JUDGMENT**

    Appellant                             Decided:  June 24, 2016

* * * * *

Robert A. Pyzik, Chief Prosecutor, and Melissa R. Bergman,
Assistant Prosecutor, for appellee.

Tim A. Dugan, for appellant.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

{¶ 1} Appellant, Keith Thomas, appeals the judgment of the Sylvania Municipal Court, enforcing a previously stayed jail term, after finding appellant guilty of a probation violation.  For the following reasons, we affirm.

## A. Facts and Procedural Background

{¶ 2} On June 29, 2009, appellant entered a no contest plea, and was found guilty by the Sylvania Municipal Court of reckless operation, third offense, a misdemeanor of the third degree, pursuant to R.C. 4511.20. On October 2, 2009, appellant was sentenced to a five-year term of probation, and 60 days of incarceration. The court stayed 51 of the 60 days, and appellant spent 9 days in custody. Appellant was further ordered, as a term of probation, to complete alcohol treatment and refrain from any further convictions for alcohol-related charges.

{¶ 3} On December 9, 2013, appellant was convicted of O.V.I. in Toledo Municipal Court pursuant to R.C. 4511.19. Due to the subsequent conviction on an alcohol-related offense, appellant admitted to, and was found guilty of, a probation violation in Sylvania Municipal Court. At sentencing on the probation violation, the court ordered 51 days of appellant's suspended sentence enforced, in increments of 25 and 26 days, with a review hearing separating the two terms. Appellant filed a timely appeal, claiming the trial court abused its discretion by enforcing the suspended days.

## B. Assignment of Error

{¶ 4} On appeal, appellant assigns a sole assignment of error for our review:

> 1. The Trial Court abused its discretion in ordering Appellant to serve a jail term after admitting to a violation of the terms of probation.

2.

## II. Analysis

**{¶ 5}** In his sole assignment of error, appellant argues that the court abused its discretion by sentencing appellant to a jail term. He argues that the court failed to consider his physical ailments, preventing him from driving a car, thereby making it impossible for him to reoffend. This argument lacks merit.

**{¶ 6}** We review misdemeanor sentences for an abuse of discretion. *State v. Cossack*, 7th Dist. No. 08 MA 161, 2009-Ohio-3327, ¶ 20. In imposing a sentence for a misdemeanor offense, a trial court must consider the purposes and principles of misdemeanor sentencing as set forth in R.C. 2929.21, as well as the sentencing factors set forth in R.C. 2929.22. The failure to do so constitutes an abuse of discretion. *State v. Dominijanni*, 6th Dist. Wood No. WD-02-008, 2003-Ohio-792, ¶ 6. Nevertheless, when a misdemeanor sentence is imposed within the statutory limits, a reviewing court will presume that the judge followed the statutes, absent evidence to the contrary. *Toledo v. Reasonover*, 5 Ohio St.2d 22, 213 N.E.2d 179 (1965), paragraph one of the syllabus; *State v. Townsend*, 6th Dist. Lucas No. L-01-1441, 2002-Ohio-4077, ¶ 6.

**{¶ 7}** Appellant's argument, in its most basic terms, is that because of his poor health it would be unsafe for him to get behind the wheel, thereby making it impossible to reoffend. We would note that appellant has provided no evidence that it would be physically impossible for him to drive a vehicle, nor has he provided any law to support this position. The argument that he cannot drive because it is unsafe is unpersuasive, because he has shown through multiple alcohol-related driving offenses that the safety of

3.

himself and others clearly is not paramount when making the decision to get behind the wheel.

{¶ 8} Here, the record is clear that at sentencing, the court ordered a presentence investigation report and heard mitigating circumstances from appellant's counsel. The court considered all mitigating statements, including appellant's health concerns, and appellant's apparent inability to drive a car before imposing the sentence. Although appellant contends that it is unreasonable, capricious and unconscionable for the court to impose a jail term for failing to complete alcohol treatment, this is not supported by the record. Appellant was placed on probation for an alcohol-related driving offense. He violated his probation by committing a subsequent alcohol-related driving offense.

{¶ 9} Imposing a previously stayed jail term, in this case, is not an abuse of discretion. Consequently, appellant's assignment of error is not well-taken.

## Conclusion

{¶ 10} Based on the foregoing, the judgment of Sylvania Municipal Court is affirmed. Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

4.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Stephen A. Yarbrough, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.