OPINION
Defendant-appellant, Leroy Johnson, Jr., appeals his sentence for his conviction following a bench trial for two counts of aggravated murder, with accompanying specifications.
On November 22, 1996, appellant was involved in an argument with his previous live-in girlfriend, Martha Johnson (Martha). Martha was staying with her aunt, Lille Mae Swain (Swain), at 319 S. Garland Ave. in Youngstown, Ohio. That day, appellant threatened Martha and made several trips to Swain's residence with Martha's clothing which he had cut up.
Later that day, shortly before 11:00 p.m., appellant again arrived at Swain's residence looking for Martha. He broke into the house and went upstairs to Swain's bedroom looking for Martha. Martha heard him breaking in and calling for her. She then hid underneath her bed. Meanwhile, appellant confronted Swain and her companion, Wade Harvin (Harvin), demanding to know where Martha was. Appellant then shot Swain and Harvin to death. Appellant was arrested the next day following a police pursuit.
On December 20, 1996, a Mahoning County Grand Jury returned an indictment against appellant setting forth four counts. Counts 1 and 2 were for the aggravated murder of Swain and Harvin. Each count carried specifications of aggravating circumstances that the offense was part of a course of conduct involving the purposeful killing of two or more persons by appellant and that the offense was committed while appellant was committing or attempting to commit aggravated burglary. R.C. 2929.04(A)(5), (7). Each count also carried with it a firearm specification. Count 3 was for the underlying offense of aggravated burglary, with a firearm specification. Count 4 was for failure to comply with the order or signal of a police officer.
Appellant was appointed counsel and pled not guilty. Following numerous pretrial matters, appellant appeared in open court with counsel on January 5, 1999, and waived his right to a jury trial. Appellant elected, instead, to be tried by a panel of three judges.
On January 28, 1999, a trial was held before the three-judge panel. Appellee indicated to the court that it had reached an agreement with appellant. Appellant agreed to a joint stipulation of facts, signed by appellant and his counsel, stating that appellant committed the murders. In exchange, appellee moved to dismiss the charge of failure to comply with an order or signal of a police officer. Appellee also agreed not to seek the death penalty and to recommend a sentence of life without parole on each of the aggravated murder charges and ten years on the aggravated burglary charge plus three years for one firearm specification. Appellee read the joint stipulation of facts into the record. The court sustained appellee's motion and dismissed Count 4. Appellee also proceeded to present the testimony of Swain's neighbor, Martha Johnson, and an investigating officer. After deliberating, the panel found appellant guilty, with the accompanying specifications.
The case proceeded to sentencing on January 29, 1999. The panel sentenced appellant to two consecutive life terms in prison without the possibility of parole for the aggravated murder convictions. The panel sentenced appellant to ten years in prison for the aggravated burglary conviction to run consecutive with the other two sentences. Also, the panel sentenced appellant to three years on the firearm specification. This appeal followed.
Appellant's sole assignment of error states:
 "THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO A TERM OF LIFE IN PRISON WITHOUT THE POSSIBILITY OF PAROLE, RATHER THAN A TERM OF LIFE IMPRISONMENT WITH PAROLE ELIGIBILITY."
In State v. Barnett (1999), 131 Ohio App.3d 137, 140, this court observed:
 "As a general rule, a trial court has broad discretion when sentencing a defendant. State v. Polick (1995), 101 Ohio App.3d 428, 430, 655 N.E.2d 820, 820-821. Therefore, when considering whether a trial court erred in imposing a particular sentence, this court must determine whether the trial court abused its discretion. Id. at 431, 655 N.E.2d at 821-822. An abuse of discretion `connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 148. Furthermore, an appellate court will not review a trial court's exercise of discretion in sentencing where the sentence imposed is authorized by statute and is within statutory limits. State v. Hill (1994), 70 [721 N.E.2d 1109] Ohio St.3d 25, 29, 635 N.E.2d 1248, 1252, citing Toledo v. Reasonover (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179."[1]
Since appellant was found guilty of aggravated murder and one or more specifications of aggravating circumstances, the panel had four possible sentences to choose from: (1) death; (2) life imprisonment without parole; (3) life imprisonment with parole eligibility after serving thirty full years of imprisonment; or (4) life imprisonment with parole eligibility after serving twenty-five full years of imprisonment. R.C.2929.03(D).
If one or more of the aggravating circumstances is proved beyond a reasonable doubt the panel must consider, and weigh against the aggravating circumstances proved beyond a reasonable doubt, the nature and circumstances of the offense, the history, character, and background of the offender, and all of the following mitigating factors:
 "(1) Whether the victim of the offense induced or facilitated it;
 "(2) Whether it is unlikely that the offense would have been committed, but for the fact that the offender was under duress, coercion, or strong provocation;
 "(3) Whether, at the time of committing the offense, the offender, because of a mental disease or defect, lacked substantial capacity to appreciate the criminality of the offender's conduct or to conform the offender's conduct to the requirements of the law;
"(4) The youth of the offender;
 "(5) The offender's lack of a significant history of prior criminal convictions and delinquency adjudications;
 "(6) If the offender was a participant in the offense but not the principal offender, the degree of the offender's participation in the offense and the degree of the offender's participation in the acts that led to the death of the victim;
 "(7) Any other factors that are relevant to the issue of whether the offender should be sentenced to death." R.C. 2929.04(B).
The panel, when it imposes life imprisonment must state in a separate opinion its specific findings of which of the mitigating factors set forth in R.C. 2929.04(B) it found to exist, what other mitigating factors it found to exist, what aggravating circumstances the offender was found guilty of committing, and why it could not find that these aggravating circumstances were sufficient to outweigh the mitigating factors. R.C.2929.03(F).
Appellant argues that the panel erred in imposing a sentence of life imprisonment without parole rather than life imprisonment with parole eligibility after serving thirty full years of imprisonment or life imprisonment with parole eligibility after serving twenty-five full years of imprisonment. Appellant argues that he did not display a pattern of committing violent crimes in the past since his criminal record was limited to misdemeanors. In mitigation, appellant also points to his limited mental capacity, his consumption of alcohol at the time of the murders, and his expression of remorse.
The panel did not err in sentencing appellant to life imprisonment without the possibility of parole. The panel found that the victims did not induce or facilitate the offense. The panel acknowledged the fact that appellant had been drinking. There was no finding of a mental disease or defect and due to the appellant's age, 36, youth was not found to be a factor. The panel noted appellant's lack of a significant history of prior criminal convictions. However, the panel also noted that appellant was the principal and sole offender. The panel also gave consideration to other factors including: the victims' families' agreement that appellee not seek the death penalty; testimony that appellant's IQ was in the borderline range; testimony that appellant would adjust well to prison life and be productive in prison; that appellant accepted responsibility for his actions and expressed remorse; that he was gainfully employed during his lifetime; and that he quit his employment in order to care for his ailing mother and father.
The specifications of aggravating circumstances proven beyond a reasonable doubt in this case were that the offense was part of a course of conduct involving the purposeful killing of two or more persons by appellant and that the offense was committed while appellant was committing or attempting to commit aggravated burglary. R.C. 2929.04(A)(5), (7). Given the serious nature of these specifications and the relatively little weight that can be afforded to the mitigating evidence presented by appellant, it cannot be said that the panel erred in finding that the aggravating circumstances appellant was found guilty of committing outweigh the mitigating factors by proof beyond a reasonable doubt. Consequently, the panel did not abuse its discretion in sentencing appellant to life imprisonment without the possibility of parole.
Accordingly, appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs
DeGenaro, J., concurs
[1] As a side note, in 1996, Senate Bill 2 amended Ohio's felony sentencing scheme and altered appellate courts' standard of review. However, the General Assembly has consistently treated sentencing for aggravated murder differently from other felonies. Therefore, general felony sentencing requirements, which dictate a different standard of review do not apply in aggravated murder cases. State v. Hollingsworth
(May 10, 2001), Cuyahoga App. No. 77901, unreported, 2001 WL 522384. See, also, State v. Speck (Sept. 25, 1996), Hancock App. No. 5-96-16, unreported, 1996 WL 547924 and State v. Carpenter (Mar. 12, 1991), Franklin App. No. 90AP-803, unreported, 1991 WL 35009 (each applying an abuse of discretion standard to a trial court's decision regarding which parole eligibility to impose with the life sentence).