OPINION
Richard Shields is appealing the judgment of the Montgomery County Common Pleas Court, which found him guilty of robbery and theft.
On August 9, 2000, Mr. Shields robbed a Provident Bank in Montgomery County, Ohio. In the course of the robbery, Mr. Shields demanded money from two female bank tellers and received over eight thousand dollars. Although Mr. Shields did not display a weapon during the robbery, Mr. Shields kept one of his hands shoved into his pocket throughout the entire incident and the hood of his jacket over his head. During the robbery the bank tellers sounded an alarm and called 911, and as a result, Mr. Shields was apprehended in a vehicle shortly thereafter.
On September 13, 2001, Mr. Shields was indicted on one count of robbery, one count of failure to comply with the signal of a police officer while fleeing from the commission of a felony, and one count of theft by intimidation. The case was originally set before Judge Hall. While before Judge Hall at the final pre-trial conference, the State made a plea offer which Mr. Shields rejected. The case then proceeded to trial on February 21-23, 2001 before Judge Tucker. The jury found Mr. Shields guilty of robbery and theft but not failure to comply. On March 28, 2001, a sentencing hearing was held before Judge Tucker on Mr. Shields. At the sentencing hearing, Judge Tucker asked the attorneys about the prior plea offer. The attorneys could not recall the exact offer but believed the negotiations involved a plea arrangement in which Mr. Shields would only serve eighteen months. Judge Tucker sentenced Mr. Shields to concurrent sentences of two years for his robbery conviction and six months for his theft conviction. Mr. Shields has filed this appeal.
Mr. Shields raises the following assignments of error:
 1. THE APPELLANT WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF HIS TRIAL COUNSEL PRIOR IN EVALUATING THE PRE-TRIAL PLEA BARGAIN OFFER MADE BY THE STATE.
 2. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY SENTENCING THE APPELLANT TO A TERM OF IMPRISONMENT GREATER THAN THE MINIMUM SENTENCE ABSENT SUFFICIENT CIRCUMSTANCES TO OVERCOME THE PRESUMPTION OF A MINIMUM SENTENCE AND IN RETALIATION FOR APPELLANT EXERCISING HIS CONSTITUTIONAL RIGHT TO A TRIAL BY JURY IN THE INSTANT CASE.
 Appellant's first assignment of error:
Mr. Shields argues he received ineffective assistance of counsel because his counsel failed to inform him of a plea offer in which he would only have had to serve eighteen months. We disagree.
In order to obtain a reversal of a conviction based on ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that this deficient performance prejudiced the defendant to such a degree as to deny the defendant a fair trial.State v. Green (2000), 90 Ohio St.3d 352, 375 citing Strickland v.Washington (1984), 466 U.S. 668, 687. The defendant bears the burden of proof on both prongs because a properly licensed attorney is presumed competent in Ohio. State v. Jackson (1980), 64 Ohio St.2d 107, 18 O.O.3d 348.
Mr. Shields argues that his counsel did not advise him that the State had made a plea offer in which he would only have had to serve eighteen months. However, the record does not demonstrate that the State offered a plea bargain in which Mr. Shields would only serve eighteen months. The Supreme Court has held that a reviewing court cannot decide an appeal based on information not in the record and, as a result, has rejected claims based on information not in the record. State v. Green (2000),90 Ohio St.3d 352, citing State v. Ishmail (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, paragraph one of the syllabus, State v. Williams (1995),73 Ohio St.3d 153, 160. Nothing in the record demonstrates that an eighteen month sentence was part of the State's plea offer. The transcript of the sentencing hearing demonstrates that although potential sentences may have been discussed as part of the plea negotiations, no formal plea offer was ever made which included an agreed sentence. (Tr. 3/28/2001 at 12-19). On the contrary, at the final pre-trial conference, the State placed the formal plea offer on the record and it simply provided that the State would remain silent at sentencing. (Tr. 2/16/2001 at 3). In fact, Judge Hall specifically stated that the court would impose sentence after hearing from the victims. Id. Therefore, as nothing in the record supports Mr. Shields assertion that the State's plea offer included a sentence of only eighteen months, Mr. Shields cannot demonstrate that his counsel's performance was deficient for failing to inform him of the State's plea offer with an eighteen month sentence. Mr. Shields first assignment of error is without merit and is overruled.
Appellant's second assignment of error:
Mr. Shields argues that the trial court abused its discretion in failing to sentence him to the minimum sentence and in particular that sentencing him to a term greater than the sentence in the rejected plea offer was in retaliation for exercising his right to trial. We disagree.
A sentence imposed by a trial court which is within the statutory guidelines will not be disturbed on appeal absent an abuse of discretion. State v. Patterson (May 2, 1997), Montgomery App. No. 15699, unreported, citing Toledo v. Reasoner (1965), 5 Ohio St.2d 22,24, 34 O.O.2d 13. An abuse of discretion amounts to more than a mere error of law or judgment but connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157, 16 O.O.3d 169.
Mr. Shields was found guilty of robbery, a third degree felony, and theft by intimidation, a fourth degree felony. The trial court had the discretion to sentence Mr. Shields to a one to five year term of imprisonment for the robbery and to a six to eighteen month sentence for the theft. R.C. 2929.13 2929.14(A)(3)(4). The two convictions merge for sentencing and therefore the maximum sentence Mr. Shields could have received was five years. The trial court ordered a two year sentence which fell within the statutory guidelines. Thus, the trial court's sentence will only be reversed upon a finding of abuse of discretion.
Mr. Shields argues that the trial court, in imposing upon him a two-year sentence, was retaliating against him for rejecting a plea offer that would have exposed him to an eighteen-month sentence. We have previously concluded that this record fails to establish that Mr. Shields was, in fact, offered a plea bargain. Nevertheless, if the sentencing judge was under the erroneous impression that Mr. Shields had rejected a plea offer involving an eighteen-month sentence, and decided to impose a sentence greater than eighteen months in order to punish Mr. Shields for having rejected the plea offer, we agree that this would offend his right to a jury trial.
Mr. Shields relies upon State v. Mitchell (1997), 117 Ohio App.3d 703. In that opinion, the court, relying upon Alabama v. Smith (1989),490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865, held that: ". . . unless circumstances are those in which there is a reasonable likelihood that the increase in sentence is the result of actual vindictiveness on the part of the sentencing judge, the offender has the burden of proving actual vindictiveness." State v. Mitchell, supra, at 706.
In support of his claim that the sentence in this case was vindictively imposed upon him in retaliation for his having rejected a plea offer, Mr. Shields relies upon the following remark by the trial court at the sentencing hearing: ". . . but, you know, look, I — I can't give him a year when he turned down eighteen months." (Tr. 3/28/2001, at 5.) This remark was in response to the defendant's request for a minimum one-year term. Later in the hearing, the sentencing judge expressed cogent reasons for imposing a two-year term, which was well short of the maximum term that might have been imposed.
The evil at which State v. Mitchell, supra, Alabama v. Smith, supra,
and similar cases is directed is the punishing of a defendant for exercising the right to a jury trial. The one comment this defendant has excerpted from the trial judge's remarks at the sentencing hearing would establish, at most, that the judge was reluctant to reward the defendant for having exercised his right to a jury trial, by giving him a lesser sentence than he would have received under the supposed plea bargain. In the context of the entirety of the trial judge's remarks at the sentencing hearing, it appears that Mr. Shields has fallen far short of establishing that his two-year sentence was the product of vindictiveness on the part of the trial judge.
There is no presumption that a harsher sentence than one offered to, but rejected by, the defendant during plea negotiations, is the product of vindictiveness on the part of the trial judge. State v. Mitchell,supra, at 706. Because we conclude that Mr. Shields has failed to establish that the two-year sentence imposed upon him was the product of vindictiveness, we reject his argument in this regard.
Additionally, as Mr. Shields had not previously served a prison term, the trial court had to find on the record that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender or others" in order to sentence him to more than the minimum term of imprisonment. R.C. 2929.14(B). In sentencing Mr. Shields, Judge Tucker stated that he sentenced Mr. Shields to more than the minimum sentence because he found based on the testimony of the victims and the fear they had to endure that the minimum sentence would demean the serious nature of the crime. (Tr. 3/28/2001 at 27). Thus, the trial court made the necessary findings on the record to sentence Mr. Shields to more than the minimum sentence. Moreover, Mr. Shields's sentence exceeded the minimum sentence due to the fear and trauma he inflicted on the victims of the crime, not because of the State's plea offer.
Further, this Court has previously noted that a trial court may see fit to impose a lengthier sentence after trial than during plea considerations because the trial court has considerably more information available after a trial than after a plea. Patterson, supra. Moreover, this Court in Patterson explained that a trial court often properly attempts to recognize a defendant's acknowledgment of his guilt in entering a plea as an essential step toward rehabilitation; thus "the defendant who goes to trial is not punished more severely, * * * [r]ather, the defendant who pleads is punished more leniently." The trial court might have punished Mr. Shields more leniently and given him the minimum sentence if he had pled guilty in order to recognize Mr. Shields's acknowledgment of his guilt, which would place him further towards rehabilitation. Thus, Mr. Shields may have just not received the leniency an individual pleading guilty would receive, rather than being punished for exercising his right to trial. Therefore, Mr. Shields cannot establish that the trial court sentenced him to two years of incarceration in retaliation for exercising his right to trial. We find no abuse of discretion on the part of the trial court in sentencing Mr. Shields. Mr. Shields second assignment of error is without merit and is overruled.
The judgment of the trial court is affirmed.
BROGAN, J. and FAIN, J., concur.